# THE BOARD OF SUPERVISORS OF MERCER COUNTY

*v.*

# WILLIAM HUBBARD

1. COUNTIES — *subscription to railroad stock* — *conditions.*  Where a county submitted the question of taking stock, subject to conditions, in a railroad company, the conditions may be removed by a second submission of the entire question to the people.

2. BONDS — *validity of* — *estoppel.*  If a county received stock in a railroad company to the full amount of its subscription, and voted its stock, and paid interest on its bonds, it cannot be heard to say that the county is not liable to pay accruing interest.

3. SAME.  Where a county has paid interest on its bonds, and voted on stock in a railroad company received therefor, and the bonds have passed into the hands of innocent purchasers without notice, it cannot urge any mere irregularities in the election on the question of issuing the bonds, so as to defeat a recovery on the bonds or coupons.

4. COMMON COUNTS — *evidence* — *notes payable to bearer.*  A note not under seal, payable to bearer, is admissible in evidence under the common money counts; and is evidence that the bearer has lent money to the maker, or that he paid money for the use of the maker, for which the law implies a promise to pay him the amount specified in the instrument when it falls due.

5. SAME — *coupons admissible under.*  Coupons are admissible under appropriate common money counts.

6. SAME — *bank bills* — *coupons.*  There is no difference between coupons payable to bearer for a sum certain, and bank bills.  They alike pass by delivery only, and may alike be offered in evidence under the common money counts.

APPEAL from the Circuit Court of Mercer county ; the Hon. JOHN S. THOMPSON, Judge, presiding.

This was an action of assumpsit, brought by William Hubbard against the board of supervisors of Mercer county, to recover on coupons issued by Mercer county.  The declaration contains only the common money counts.

A jury being waived, the case was submitted to the court and a judgment rendered in favor of the plaintiff for $2,820.

The board of supervisors bring the case to this court by appeal.

The facts are stated in the opinion.

Messrs. Goudy & Chandler, for the appellants.

Messrs. J. R. & I. N. Bassett, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was an action of assumpsit, brought to the Circuit Court of Mercer county, at the March Term, 1866, by William Hubbard, against the board of supervisors of that county, and such proceedings were had that a judgment was rendered for the plaintiff for his damages.

To reverse this judgment, the supervisors appeal to this court. The declaration contained the common money counts, with a notice attached that certain interest coupons would be offered in evidence. The cause was tried by the court without a jury.

The plaintiff, to maintain his case, offered in evidence a certain bond for $1,000, with coupons attached, purporting to be issued by Mercer county to the Western Air Line Railroad company, bearing date April 18, 1856, and payable to the order of that company, with a certificate of the president of the company indorsed thereon that the bond was negotiated and delivered on the 1st day of October, 1856.

To this bond were fourteen coupons, each for the sum of sixty dollars, payable at different times. The form of the coupons was as follows:

"Six per cent stock, Mercer county, State of Illinois, railroad bond, No. 20. Pay the bearer sixty dollars on first day of July, 1863, interest to that date.        John Cowden,
    "*Chairman of Board of Supervisors of Mercer county.*"

The other coupons were the same, except as to the time of payment. The defendants objected to the bond for the reasons, first, that it showed no legal liability on its face; second, it was not declared on; third, the board of supervisors had no authority to issue it; fourth, there was no election ever held to

authorize the board of supervisors to subscribe unconditional stock and issue unconditional bonds; and, fifth, the bonds were issued without authority of law.

These objections being overruled, the plaintiff then introduced in evidence forty-seven coupons, each for the sum of sixty dollars, similar to the above, except as to time of payment and number of bond. The defendants objected to these coupons for the reasons urged above against the admission of the bonds, and for the further reasons that they showed no legal liability on their face, that they were issued without authority of law, and were void.

These objections being overruled, the court found for the plaintiff the amount of the several coupons, and having overruled a motion for a new trial, to which the defendants excepted, rendered judgment for the amount found.

As appellants have furnished no brief of points on which they rely to reverse the judgment, we are obliged to gather them from the facts contained in the abstract, and the reasons urged by them, as found therein, against the introduction of the bond No. 20, and the coupons, in evidence.

The suit is not brought on the bonds, but on the coupons attached to them, and putting a bond in evidence was merely furnishing the substratum on which the coupons rested.

It will not be denied, if they were without foundation, the superstructure must fall and the coupons have no validity.

We see no ground for the reasons urged against the admission of the bond. The question of submission or no submission was properly submitted by the County Court of Mercer county before township organization was adopted in that county, and the required majority vote was obtained in favor of the submission. It is true, there was a condition in the submission of the question to the people, to the effect that bonds should not be issued until a sufficient amount of capital stock was subscribed to build the road. The act of the legislature authorizing the submission of the question imposed no condition, and without declaring the one above quoted to be unwarranted by the act of the legislature, it is sufficient to advert to the fact,

that at a subsequent election had, on the petition of the railroad authorities, the above condition was annulled by a majority vote of the people, and the bonds in question issued thereafter.

It cannot be denied, if the question, when first submitted to the people, was improperly trammeled with a condition, the same people imposing the condition, had a clear right, on a second submission to them of the entire question, to remove the condition, which they did.

Intervening the time of the first submission by the County Court, of the question, in 1853, the county adopted township organization, thereby making it necessary that the submission ordered on the petition of the railroad company in 1856 should have been ordered by the board of supervisors, and the bonds be issued by that authority.

It is shown by the record, that the county received stock in this railroad company to the full amount of their subscription, and have repeatedly voted the stock and paid the interest on the bonds, and it is not for them now to say the county is not bound for the accruing interest.

Whatever mere irregularity there may have been in the election on the question of the issue of these bonds, it could not be urged against the payment of these coupons, the bonds to which they were attached having passed into the hands of innocent purchasers, without notice of any defects or irregularities, and the county paying the interest as it accrued, and voting in the direction of the affairs of the company.

In the case of *Marshal County* v. *Cook*, 38 Ill. 44, the election having been ordered by the County Court, after township organization had been adopted and a board of supervisors inaugurated, it was held such election was illegal, and the bonds issued thereafter void even in the hands of an innocent purchaser without notice, but that has no application to this case.

The point that the coupons show no legal liability on their face, and were of no legal force or effect; that, if intended as a promise to pay, there was no promise, and if as a direction, they were not addressed to any person, is fully answered by the decision of this court in *Johnson* v. *Stark County*, 24 Ill.

75. It was there held that a note not under seal, payable to bearer, was admissible under the common money counts, and is evidence that the bearer has lent money to the maker, or that he paid money for the use of the maker for which the law implies a promise to pay him the amount specified in the instrument when it falls due. In either event, the coupons were admissible under the appropriate money counts.

More recent decisions place these coupons in the condition of bank bills payable to bearer, and no one will deny such bills can be given in evidence, in a suit by the bearer against the bank issuing them, under the common counts.

We see no difference between coupons payable to bearer for a sum certain, and a bank bill. They alike pass by delivery only.

There being no error in the record, the judgment must be affirmed.

*Judgment affirmed.*