Peter Morgenstern, Appellant, *v.* Elizabetha Klees *et al.*, Appellees.

APPEAL FROM ST. CLAIR.

The interest falling due yearly, on a note secured by a mortgage, is an installment of the debt, and the mortgage may be foreclosed to enforce its payment. It is not necessary to wait until the maturity of the note.

Peter Morgenstern filed his bill in the St. Clair Circuit Court. Bill states, in substance, that one Peter Klees, in his lifetime, to wit, on the 16th of January, 1858, made, executed and delivered to said Morgenstern a writing obligatory, filed as an exhibit, for $2,500, payable eight years after that date, with interest, at the rate of eight per centum per annum, after the 18th day of January, 1859, for value received, interest

payable yearly; and that the said Peter Klees, and his wife, Elizabetha, (one of the appellees herein) simultaneously therewith executed and delivered to said Morgenstern a mortgage on certain real estate lying in said county, to secure the payment of the said writing obligatory, according to its tenor and effect; which mortgage was duly acknowledged and recorded, etc.

That afterwards, in 1861, Peter Klees died, leaving Elizabetha Klees, his widow, and the following children, heirs-at-law—Katharine, Peter, Margareth, Elizabeth, Henry, Louisa, and Frederick, all minors.

That on 25th of December, 1860, said Peter Klees, (the mortgagor) made his will, (copy made a part of the bill) by which he devised, with some restrictions, all his property, real and personal, to his said wife, Elizabetha Klees, during her widowhood, provided that in case she should marry again, said will to be void : makes the said widow his executrix.

That no part of the interest on said writing obligatory has been paid except one hundred and sixty dollars.

Prays that the said children and the said widow be made defendants, and that an account be taken of the amount of interest due, and that so much of the mortgaged premises be sold as will be necessary to pay the same, with costs of suit.

Summons on same day issued to said defendants prayed for, in usual form.

Returned served on all the defendants by reading, and by delivering a true copy to each, February 24, 1862.

Same day exhibit of writing obligatory filed.

Same day copy of will and probate exhibited and filed.

March 18, 1862.  Demurrer on part of Elizabetha Klees filed—special for reasons : 1st, No equity in bill; 2nd, Defendant not made party as executrix; 3rd, all the other defendants unnecessarily made parties.

At the March term, the demurrer was sustained; leave given to amend, and attorney of defendant enters appearance of Elizabetha Klees as executrix.  Demurrer refiled, is argued, and by the court sustained.  Decreed by court that the bill be dismissed, and that complainant pay the costs of suit.

Appeal granted, on filing appeal bond. By consent of parties, cause to be heard at Springfield in the Supreme Court, and appeal bond filed in usual form, approved by the clerk.

The errors assigned are :—Sustaining demurrer, dismissing bill, and decree for costs against complainant.

J. B. UNDERWOOD, for Appellant.

The heirs of the mortgagor have a contingent interest under the will, and are not only proper, but necessary parties.

A mortgage may be foreclosed in chancery for interest due only when the principal is not due. *Brinckerhoff* v. *Thall-himer*, 2 John. C. R. 486 ; 4 id. 534 ; 2 Hillyard on Mort. 108.

WALKER, J. This was a bill to foreclose a mortgage executed by Peter and Elizabetha Klees, to appellant, to secure $2,500, due eight years after date, with eight per cent. interest per annum, to be paid annually. The bill proceeded for a foreclosure, of unpaid interest on the mortgage debt. A demurrer was interposed to the bill, which was sustained, and the bill dismissed at the costs of complainant. This appeal is prosecuted to reverse that decree.

The only question presented for consideration is, whether a bill can be maintained to foreclose for a default in the payment of interest due by stipulation, before the maturity of the principal. The practice is too well settled, to require discussion, or reference to authority, that where a mortgage is given to secure sums of money, falling due at different periods, the creditor may foreclose by bill, as they severally fall due. It is equally well settled, that an action at law may be maintained to recover interest on a debt, specifically made payable before the maturity of the principal, at any time before the debt matures. The yearly interest on this note, when it falls due, is for every purpose an installment. It, by the terms of the note, is an installment, precisely as if separate notes had been given for and payable at the various times as specified in the note. If such notes had been given, and embraced in the mortgage, no one would have doubted the right to foreclose as they severally fell due.

By the operation of this note, at the expiration of each year after its date, two hundred dollars became due by the accumulation of interest. An action at law then accrued for its recovery. This money is embraced in, and secured by, the mortgage equally with the principal, and no reason is perceived why the mortgage may not be foreclosed, to enforce its payment. It is eminently just, as it only effectuates the obvious intention of the parties, and is prohibited by no principle of law or equity. The mortgage must have been given to secure the interest as well as the principal, and the law will not withhold a remedy until the period elapses for the maturity of the whole debt. *Brinckerhoff* v. *Thallhimer,* 2 J. R. Ch. R. 486 ; 2 Hilliard on Mortg. 108. The accumulated interest, when due, is not an incident, but is *pro tanto* so much of the debt.

The decree of the court below is reversed, and the cause remanded.

*Decree reversed.*