FRANCES H. BUTLER *vs.* THEODORE BLACKMAN AND OTHERS.

A mortgage may be foreclosed for interest overdue on the mortgage note, where the principal of the note is not yet due.

PETITION for foreclosure; brought to the Superior Court in New Haven County, and heard before *Hovey, J.* Decree for petitioner and motion in error by respondents. The case is fully stated in the opinion.

*W. F. Taylor*, for plaintiffs in error.

*C. Ives* and *C. H. Fowler*, for defendant in error.

PARDEE, J. On the 31st day of March, 1871, the respondents executed and delivered to the petitioner several promissory notes; of these, one was for $1,000, payable May 1st, 1874, another for $500, payable November 1st, 1874, and a third for $3,500, payable May 1st, 1878, all with semi-annual interest; and the payment of principal and interest was secured by a mortgage. Upon this petition for a foreclosure the court found that on the 14th day of May, 1877, there was an aggregate of principal and interest due of $2,010; being $1,620 upon the first two notes, and $390 interest from Jan-

uary 14th, 1876, to January 14th, 1877, upon the last note, the principal of which is not yet due. The court decreed that the respondents be foreclosed unless they pay the said sum of $2,010. They object, for the reason that the last named item of interest is included.

There is no error in the decree. The respondents promised to pay the interest semi-annually; this is a lawful contract; their mortgage deed recognizes it, and contains their covenant that a decree of foreclosure may be passed against them if they fail to perform it. The overdue interest is of the substance of the debt equally with an overdue installment of the principal; the failure to pay the one stands upon the same footing as the failure to pay the other; the claim for the interest over due will support either a judgment at law or a decree in equity. The petitioners would have been entitled to a decree based solely upon this item of overdue interest; of course there can be no objection to a decree adding it to overdue principal; the payment of it is of the essence of the contract as much as the payment of the principal, for by the terms of the note the interest earned becomes a debt as fully as if separate notes had been given for it, one of which was made payable at the end of every period of six months. The decree is not inequitable; it does not increase the burthen which the respondents voluntarily took upon themselves.

There is no error.

In this opinion the other judges concurred.