### PHILIP W. DEDERICK v. HENRY BARBER.

44  19
e148  ¹356

*Foreclosure for joint and several liability.*

A bill to foreclose a mortgage given to secure a joint and several note is defective for want of parties if filed against only one of the makers of the note, though the mortgage was given by him only.    This is especially so where the mortgage has been assigned and if the defense to the note could only have been enforced by a joint cross-action for damages.

Where a debt is made payable after several years, but the interest is payable annually, a bill to foreclose the mortgage which secures it may be properly filed after the expiration of the year, if interest is in arrears.

A promissory note beginning "I promise" but signed by several persons is a joint and several note, and in law may be sued against one or more of the makers.

Appeal from Genesee.    Submitted April 28.    Decided June 11.

FORECLOSURE.    Complainant appeals.    Affirmed.

*Le Roy Parker* for complainant.    A note beginning "I promise" and signed by more than one is several as well as

joint, 1 Dan. Neg. Inst. 74; *Wallace v. Jewell* 8 Amer. 48; Story on Prom. Notes § 466; *Supervisors v. Coffinbury* 1· Mich. 355; a bill filed against one of the joint and several makers is not bad for non-joinder, Comp. L. § 5150; 2 Barb. Ch. Pr. 174, n. 573; 2 Hill. Mortgages 121.

*Newton & Howard* for defendant.

CAMPBELL, J.  Complainant filed his bill to foreclose a mortgage dated June 13, 1876, and given by Henry Barber to secure notes for $2500 in the aggregate, made by Barber and George A. Boughton and William C. Drudge, payable with interest annually in two, three, four and five years, three notes being for $500 each and one for $1000.  The bill does not describe them except as promissory notes payable to Peter K. Dederick but in fact they were payable to him or bearer. The bill avers an assignment in June, 1877, to complainant. It was filed September 14, 1877, for interest in arrears.

Barber answered and claimed a defect of parties.  He also set up that when the mortgage was given the land was owned by Robert Barber, and that the mortgagee had knowledge of his title.  The chief defense was that the notes were given for a transfer of the exclusive right to use a certain hay-press patent in Genesee county, and an agreement by the patentee to take up two outstanding licenses which he had previously granted, held by persons named Walker and Beahan, and that defendants have been greatly damaged by the failure to get rid of these rights.

As the notes all called for interest payable annually, the bill was not prematurely filed.  But the question of who should be parties to such a bill is more important.

Although Barber is the only mortgagor in this case, nevertheless the only debt, or security purporting to be covered by the mortgage is the notes of the three makers before named. The bill asks for a personal decree against Barber for any deficiency.  It sets out the notes as joint, and not joint and several.  As a matter of law, being in the singular number, and declaring in each instance that "I" and not "we" promise

to pay, they are joint and several, and if sued at law might be sued against Barber alone. But they could also be sued on jointly, and it is questionable whether, even at law, such an allegation as that in this bill, with no further explanation, would be consistent with a several liability.

But this is not important, because in this class of cases it is not true that equity follows the law; and although there are some instances where the legal analogies have been adhered to, such is not the universal rule. Where an attempt is made to enforce an obligation which is joint and several, all the debtors who are liable as principals and not sureties, should, unless there are satisfactory reasons to the contrary, be brought in as defendants. It is held to be important that any judgment that is rendered should, so far as it goes, settle their rights, so as to need no further litigation to determine their respective obligations. Where all are principals each is bound to make up his share directly or by contribution, and each is interested in having every judgment accurate. In case Barber's land should be applied to satisfy this mortgage, he has a very strong interest in having Boughton and Drudge bound by the litigation. And the authorities are direct on this point: *Bland v. Winter* 1 Sim. & St. 248; *Cockburn v. Thompson* 16 Ves. 321, and note in 2 Hovenden's Supp. 444, on this case; also *Madox v. Jackson* 3 Atk. 406; Story's Eq. Pl. § 169.

In the case before us the notes were given in payment for a patent-right interest purchased by the three makers jointly. The defense set up is one which belongs to all three, and which under the old rules of practice at law could only have been enforced by a cross action for damages. It would be very inconvenient to attempt any settlement of these damages in a controversy between a single purchaser and the assignee of a vendor. If he is not a *bona fide* purchaser, there is certainly an equity against his recovering the full amount of the notes, if there is any defense to them. It would be inequitable, if he should recover the full amount from Barber, that Barber should still be left to the uncertainties of a new litigation for contribution where the same

result might not be reached. If a cross-bill or any other affirmative proceeding should be found necessary to enforce the defendant's equities, Boughton and Drudge would beyond question be necessary parties, and no complete relief could be had without them. Barber could not sue alone either to rescind the purchase, or to get other redress. We cannot find any material question relating to the general merits of this case, that does not concern the parties jointly.

This objection was pointed out by the answer. If the testimony had shown that these persons were not necessary parties, the court might possibly have made a decree which would not prejudice them. But the testimony shows that the whole contest touches their joint interests, and in no way excuses the omission.

For these reasons we make no allusion to the merits. We think that in dismissing the bill without prejudice the court below decided correctly, and the decree must be affirmed with costs.

The other Justices concurred.