HENRY E. FLETCHER, PLAINTIFF IN ERROR, v. MATTHEW A. DAUGHERTY, DEFENDANT IN ERROR.

1. **Note and Mortgage:** SPECIAL AGREEMENT IN NOTE. A provision in a note secured by mortgage that, "Upon a failure to pay any of said interest within thirty days after due, the holder may *elect* to consider the whole note due, and it may be collected at once," *Held*, To control a general provision in the mortgage, and to restrict the right, in case of default of payment of interest, to declare the debt due to the holder of the note.

2. **Tender.** An action was commenced before a justice of the peace to recover $30 on an interest coupon. The defendant then in open court tendered $535, the amount due on a note and mortgage. *Held*, That the justice was not the agent of the plaintiff, and had no authority to receive payment in excess of the amount involved in the suit, and that the tender was unavailing. A tender must be made to a party entitled to receive payment.

ERROR to the district court for Saline county. Tried below before WEAVER, J.

*Dawes & Foss*, for plaintiff in error.

Note and mortgage should be construed together. 1 Jones on Mortgages, sec. 76. *Muzzy v. Knight*, 8 Kan., 456. *Kennion v. Kelsey*, 10 Iowa, 443. Mortgage subject

to conditions of note.  1 Hilliard on Mortgages, 286. · 2
Jones on Mortgages, 902.   Tender unavailing.   *Saunders
v. Frost,* 5 Pick., 267.   *Graham v. Linden,* 50 N. Y., 547.

*Hastings & McGintie* and *M. B. C. True,* for defendant
in error.

The construction of note and mortgage must be such as
to give effect to the terms of each.   2 Parsons Cont., 501.
*National Bank v. Peck,* 8 Kan., 662.   *Schoonmacker v.
Taylor,* 14 Wis., 313.   Stipulation may be taken advan-
tage of by mortgagor as well as mortgagee.   *National
Bank v. Peck,* 8 Kan., 662.   *Pope v. Hooper,* 6 Neb., 180.
*Stanclift v. Norton,* 11 Kan., 218.   *Robinson v. Loomis,* 51
Penn. State, 78.

BY THE COURT.

In April, 1881, the plaintiff commenced an action before
a justice of the peace of Saline county, upon the following
instrument:
"$30.   April 1, 1881, I promise to pay H. E. Fletcher
or order thirty dollars, being interest to that date on my
note for five hundred dollars.  This interest note draws
twelve per cent per annum from maturity.
                    "MATT. A. DAUGHERTY."
On the return day of the summons the defendant appear-
ed in open court and tendered the sum of $535, being the
amount due upon the note and mortgage for which the in-
terest note was given, and costs to that date.   The plaintiff
refused to accept the tender in that form, and judgment
was rendered by the justice in his favor for the sum of
$30.25 and costs.   The defendant appealed to the district
court, where the judgment of the justice was reversed, and
the action dismissed.   The case is brought into this court
by petition in error.
   I.   It appears from the record that on the first day of
   17

April, 1879, the defendant executed a note to the plaintiff for the sum of $500, due in five years, with interest at twelve per cent, payable semi-annually, and also executed coupon notes for the interest as it should become due, and to secure the payment of the principal and interest executed a mortgage upon certain real estate. The mortgage contains this provision: "*Provided also,* That on default in payment of any part of said principal, or interest, or taxes as the same should become due, the whole of the moneys hereby secured shall become payable immediately upon such default."

The note contains the following provision: "And upon a failure to pay any of said interest within thirty days after due the holder may *elect to* consider the whole note due, and it may be collected at once.

The note and mortgage were made at the same time, in relation to the same subject matter, and must therefore be construed together. By construing them together as parts of one contract it is very evident that the provisions of the note control those of the mortgage. The holder of the note, in case of default, may *elect* to consider the note due. Unless he do so and in some manner signify the same, the statute of limitation will not commence to run against the note until the expiration of five years from its date. Whether in a proper case a mortgagor may plead his own default as a defense in the action it is unnecessary to determine.

In the case of *The Bank v. Peck,* 8 Kas., 660, it was held that a stipulation in a mortgage "that if any part of the money secured by it (the mortgage) should not be paid when it became due then all should immediately become due and payable" was available to the mortgagor equally with the mortgagee. And that in case of the failure of the mortgagor to make payments as provided the whole debt became due and the statute of limitations commenced to run from the time of the default. Whether that decis-

ion can be maintained upon either principle or authority may perhaps be questioned, but it has no application to the case at bar, because in this case there is a provision as to the party entitled to elect which seems to exclude the mortgagor.

II. The tender was insufficient, even if the mortgagor had authority to declare the debt due and tender payment of the same. Sec. 1100 of the code limits the jurisdiction of a justice of the peace in an action on a promissory note to the sum of $100. The justice was not the agent of the plaintiff and had no authority to receive any money for him in excess of the sum involved in the suit. A tender of that amount would have been valid and would have defeated the action. A tender must be made to the person authorized to receive payment. If the defendant desired to make a valid tender he should have tendered the entire sum due to the plaintiff, and a tender made to a person not authorized to receive payment is unavailing. The judgment of the district court is reversed and the judgment of the justice reinstated.

JUDGMENT ACCORDINGLY.