RICHARDSON *v.* WARNER and others.

(*Circuit Court, D. Nebraska.* August 17, 1886.)

1. MORTGAGE—FORECLOSURE—DEFENSE OF USURY.
 The defense of usury against a bill to foreclose a mortgage failed, where the complainant was a *bona fide* purchaser before maturity, and the defendant a subsequent grantee from the mortgagor, holding under deed stipulating for payment by her of the mortgage.

2. STATUTE OF LIMITATIONS—MORTGAGE—PROVISION FOR DEFAULT IN PAYMENT OF INTEREST.
 A provision in a mortgage that, upon default in the payment of interest due on any of the notes secured thereby, the entire debt shall immediately become due and payable, does not, of itself, cause the notes to mature so as to start the running of the statute of limitations.

3. MORTGAGE—FORMER ADJUDICATION AS DEFENSE TO FORECLOSURE.
 Former adjudication cannot be pleaded against a bill to foreclose a mortgage, where, long after the purchase of the notes and mortgage by the complainant, the defendant commenced an action against the original mortgagee, obtained service by publication, and took a default and a decree annulling the mortgage, although no assignment of the mortgage to the complainant had yet been recorded.

Bill to Foreclose Mortgage.

*Mason & Whedon*, for complainant.
*S. O. Davidson*, for defendants.

BREWER, J. This is a bill to foreclose a mortgage. The defenses are usury, the statute of limitations, and a former adjudication.

The defense of usury fails for two reasons: (1) The complainant is a *bona fide* purchaser before maturity. This the testimony unquestionably establishes. Counsel for defendant challenges the sufficiency of the averment of the bill in this respect. As the intent of the pleader is clear, the defect, if one existed, would be corrected by amendment to conform the pleadings to the proof. (2) The only defendant answering is in no condition to plead usury. She is a subsequent grantee from the mortgagor, holding under deed stipulating for payment by her of the mortgage. *Dolman* v. *Cook*, 14 N. J. Eq. 63; *Pinnell* v. *Boyd*, 33 N. J. Eq. 190; *Mitchell* v. *Skinner*, 17 Kan. 563.

The statute of limitations is also unavailing. An action to foreclose a mortgage can be brought within 10 years. Comp. St. Neb. 531, § 6; *Hale* v. *Christy*, 8 Neb. 268; *Stevenson* v. *Craig*, 12 Neb. 469; S. C. 12 N. W. Rep. 1; *Cheney* v. *Cooper*, 14 Neb. 418; S. C. 16 N. W. Rep. 471. A provision in a mortgage that, upon default in the payment of interest due on any of the notes secured thereby, the entire debt shall immediately become due and payable, does not, of itself, cause the notes to mature, so as to start the running of the statute of limitations. The stipulation is permissive only, and simply gives a privilege to the mortgagee. *Bank* v. *Gas & Coke Co.*, 4 McCrary, 320; S. C. 14 Fed. Rep. 763; *Lowenstein* v. *Phelan*, 17 Neb. 429; S. C. 22 N. W. Rep. 561; *Fletcher* v. *Daugherty*, 13 Neb. 226; S. C. 13 N. W. Rep. 207. This has become the settled law of the supreme court of Nebraska, and of the United States circuit court for this district, and, being a rule of property, must, upon the principle of *stare decisis*, be followed irrespective of any personal opinions of the present judge.

The plea of a former adjudication must also be overruled. Long after the purchase of the notes and mortgage by the present complainant, the defendant commenced an action against the original mortgagee, obtained service by publication, took a default, and a decree annulling the mortgage. The complainant being no party to that proceeding, it was as to him *res inter alios acta*. The fact that no assignment of the mortgage to him had been recorded did not make the decree operative upon his rights.

These being the only defenses, and none of them being sufficient, complainant is entitled to a decree of foreclosure as prayed. Whether, in case of a deficiency upon sale of the mortgaged premises, he will be entitled to a personal judgment over, is a question which need not now be considered.