ELIZABETH BOYER

*v.*

PEYTON R. CHANDLER *et al.*

394:37 LR.

*Filed at Ottawa January 20, 1896—Rehearing denied March 19, 1896.*

1. MORTGAGES—*may be foreclosed by holder of coupon notes.* The holder of coupon or interest notes secured by a mortgage may foreclose without waiting until the other notes secured by the same mortgage are due.

2. SAME—*proper provision of decree on foreclosure of interest notes.* A decree on foreclosure of a mortgage for non-payment of interest notes properly directs that the sale be made subject to the continuing lien of the mortgage, for the security of the principal note and coupons, and other disbursements made under its provisions.

3. SAME—*holders of other coupon notes not necessary parties.* Holders of unmatured notes secured by a mortgage are not necessary parties to a bill to foreclose the mortgage for coupon notes which have matured, where no relief that may injuriously affect them is sought, but the premises are to be sold subject to the balance due or to become due on the mortgage.

4. NOTICE—*possession of part of entire building is notice of rights.* Possession, by a purchaser of a building under an unrecorded agreement, of the third flat therein, is notice of his rights in relation to the entire building and ground upon which it stood, to one loaning money upon a mortgage thereof.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

On April 1, 1892, one George R. Allen executed his deed of trust to Frank R. Chandler on lot 23, in a certain subdivision of a tract of land in Chicago, to secure his promissory note of even date therewith for $3500, payable to Allen's own order, maturing five years after date and bearing interest at six per cent, payable semi-annually, on the first days of April and October in each year until paid, evidenced by ten coupon notes of $105 each. The deed of trust provided that it was given for the security of the payment of all said notes without priority or preference, and that in case of default in payment for ten days the whole of the principal sum should at once, at the option of the holder of any one of said notes, become due. The notes were endorsed by Allen, the maker and payee thereof. Peyton Chandler and Frank R. Chandler, partners, became the owners of the first, second and third of said coupons, and default being made in payment, they thereupon, on October 28, 1893, filed this bill in the circuit court of Cook county, against Allen and others, defendants, to foreclose the mortgage. Elizabeth Boyer, the holder of a second mortgage given by Allen on the same lot for the sum of $1500, payable to her two years after date, was made a party defendant. This last note was secured by a deed of trust given by Allen to Henry F. Vallette, trustee.

On April 11, 1892, Emily Elliott, one of the defendants, made a written agreement with said Allen for the purchase of the lot in question, subject to the Chandler deed of trust of $3500, and he was to convey the same to Mrs. Elliott within twenty days. Allen also, by said agreement, was to erect a three-story flat building on the lot by July 1, 1892. He was to retain the premises and use of the first and second floors for thirty weeks from July 1; 1892, without rent. Mrs. Elliott failed to record

this agreement. Allen completed the building, but not in the time fixed. Mrs. Elliott in October, 1892, took possession of the third flat and held the same until September, 1893, and Allen rented the other two flats to certain persons, who occupied the same. During the occupancy of Mrs. Elliott, Allen procured the loan of $1500, subject to the Chandler loan of $3500, from Mrs. Boyer, who claims to have made the loan in ignorance of Mrs. Elliott's equities and her contract of purchase, and therefore that she is entitled to priority over Mrs. Elliott. Mrs. Elliott on March 6, 1894, filed her cross-bill, in which the contract with Allen was set out, with the attendant facts.

Upon the final hearing the court decreed that the Vallette trust deed, and the rights of appellant, Boyer, were subject to the rights of Mrs. Elliott under her contract with Allen and her possession of the premises. From this decree Mrs. Boyer brings the case to this court.

VALLETTE & HALL, for appellant:

Appellant did not have notice of the interest of Emily Elliott at the time of the execution and delivery of the trust deed from Allen to Vallette. 4 Kent's Com. 171; 3 Washburn on Real Prop. (5th ed.) 336, 337; Burton on Real Prop. (6th ed.) 603; Willard on Real Estate, (2d ed.) 121; 2 Sugden on Vendors, 541; *Wyatt* v. *Barwell,* 19 Ves. 439; *Truesdale* v. *Ford,* 37 Ill. 210; *Smith* v. *Heirs of Jackson,* 76 id. 254; *Hassett* v. *Johnson,* 48 id. 72; *Jackson* v. *Berner,* id. 208; *Patten* v. *Moore,* 32 N. H. 384; *Ely* v. *Wilcox,* 20 Wis. 551; *McMechan* v. *Griffing,* 3 Pick. 154.

Whatever may be the character of the occupancy or the improvement, it must still be exclusive. *Truesdale* v. *Ford,* 37 Ill. 210; *Patten* v. *Moore,* 32 N. H. 385.

There should not be a foreclosure and sale of said premises subject to the continuing lien of said trust deed for the payment of said principal note and remaining interest notes not yet due. *Gardner* v. *Diedrich,* 41 Ill. 170; *Hards* v. *Burton,* 79 id. 510.

The holders of said principal note and remaining interest notes were necessary parties to the foreclosure proceedings.    Daniell's Ch. Pr. (4th ed.) 190-193; Story's Eq. Pl. secs. 72-77; Jones on Mortgages, sec. 1368.

STILLMAN & MARTYN, for appellees Peyton R. and Frank R. Chandler:

Partial foreclosure may be had by any note holder, subject to the continuing lien of the incumbrance foreclosed, for the security of indebtedness thereafter to accrue.    *Burnett* v. *Hoffman*, 40 Neb. 569; *Vansant* v. *Allmon*, 23 Ill. 30; *Weiner* v. *Heintz*, 17 id. 259; *Mines* v. *Moore*, 41 id. 273; *Sargent* v. *Howe*, 21 id. 148; *Kimmell* v. *Willard's Admrs.* 1 Doug. 217.

Note holders, on default, are under no obligation to declare the entire debt due, but may proceed to foreclose separately.    *Bressler* v. *Martin*, 34 Ill. App. 122; 133 Ill. 278.

F. W. COOMBS, for appellee Emily Elliott.

Per CURIAM: The complainants below, the Chandlers, by their bill sought to foreclose the deed of trust given by George R. Allen to them as to the three first coupon or interest notes.    It is not sought to affect or lessen the security as to the principal note and the two remaining coupon notes.    The holder of a note due is not required to wait until the other notes secured by the same mortgage are due before he takes steps to enforce his security.    In *Morgenstern* v. *Klees*, 30 Ill. 422, the bill proceeded for a foreclosure for unpaid interest on the mortgage debt.    The court said: "The practice is too well settled to require discussion or reference to authority, that where a mortgage is given to secure sums of money falling due at different periods, the creditor may foreclose by bill, as they severally fall due.    *    *    *    The mortgage must have been given to secure the interest as well as the principal, and the law will not withhold a remedy until the period elapses for the maturity of the whole debt,"—citing *Brinck-*

*erhoff* v. *Thalheimer,* 2 Johns. Ch. 486; 2 Hilliard on Mortgages, 108. The creditor, by the terms of the contract, is entitled to the aid of the court and to a decree for the sum due him. To refuse a foreclosure of a mortgage for his debt as it matures, would be to deprive him of his rights without his fault. (*Bressler* v. *Martin,* 133 Ill. 278.) The decree in this case found there was due to the complainants the sum of $436.47, and directed that any sale of the premises be made subject to the continuing lien of the trust deed thereon, for the security of said principal note and any and all other coupons and other disbursements made under the provisions of said trust deed, and in addition to the amounts due the complainants, as aforesaid. Such decree is clearly recognized by the courts in cases like the present. (*Vansant* v. *Allmon,* 23 Ill. 26; *Weiner* v. *Heintz,* 17 id. 259; *Mines* v. *Moore,* 41 id. 273; *Sargent* v. *Howe,* 21 id. 148; *Kinwell* v. *Willard,* 1 Dougl. 217.) Interest coupons are in effect promissory notes. *Harper* v. *Ely,* 70 Ill. 581; *Morgenstern* v. *Klees,* 30 id. 422.

It is said that the holders of the notes which had not matured were necessary parties to the bill. The rule is well established that all persons having an interest in the subject matter which may be affected by the decree of foreclosure of the mortgage should be made parties defendant, if not joined as complainants. (*Bonham* v. *Galloway,* 13 Ill. 68.) In this case, the holders of the principal note of $3500 and the seven coupon notes, neither of which was due at the time, were not made parties to the bill. The complainants sought to foreclose as to the first three coupon notes. They sought no relief at all that might injuriously affect the holders of the notes not due. On the contrary, the course adopted by complainants was beneficial as to the holders of the notes not matured. The effect of the foreclosure was to withdraw from the lien of the mortgage the notes of the complainants, and to make the mortgage a security only for the remaining eight outstanding notes. The complainants

had a clear right to take a decree to sell the mortgaged premises subject to the balance due or to become due on the mortgage, and were not bound to exercise the option to declare the whole debt due.

The rights of Emily Elliott under her cross-bill remain to be considered. By failing to record her agreement with Allen for the purchase of the lot until after he had procured a loan on the same for $1500, she, in the absence of all notice of her rights, would take the title of the lots subject to the Boyer deed of trust. But at the time Mrs. Boyer loaned Allen $1500, taking as security a mortgage on the property, and for some time before, Mrs. Elliott was in the actual occupancy and possession of the third flat of the building, and such possession was notice of her rights in relation to the entire building and ground on which it stood. The possession of a party need not be of every part thereof in fact, in order to constitute notice of his rights, both legal and equitable. Possession of a part of a tract of land or lot, under a deed for the whole, may be regarded as possession of the whole. Moreover, when the agent saw the property was occupied, it was his duty to make inquiry of those in possession in regard to the title under which they occupied the property. Had he done this, he might have ascertained that Allen had no title. But the agent made no inquiries of any person occupying the property, but relied solely on the statement of Allen. The agent of Mrs. Boyer had notice of facts sufficient to put him upon inquiry, and as such inquiry would have disclosed the existence of Mrs. Elliott's title, he is chargeable with notice of such title.

Finding no error in the decree of the court it must be affirmed.                                        *Decree affirmed.*