OMAHA LOAN & TRUST COMPANY, APPELLEE, V. EDWIN D. KITTON, APPELLANT, ET AL.

FILED FEBRUARY 23, 1899. No. 8755.

1. **Mortgages:** FORECLOSURE: INTEREST ALONE DUE. The owner of a mortgage debt may foreclose the mortgage for the unpaid interest coupons subject to the unmatured principal of the debt.

2. ——: ——: IMMATERIAL ALLEGATIONS. In such a suit an aver-
ment in the petition that plaintiff had sold and assigned the
principal note to a third party is an immaterial one and need not
be proved to entitle plaintiff to decree, it appearing on the face
of the petition that the principal note had not matured.

3. ——: ——: JUDGMENT ON PLEADINGS. In such a suit defendant
denied the assignment averred by plaintiff and pleaded a pay-
ment of $50 on the coupons sued on. The plaintiff, by motion,
admitted such payment and demanded judgment on the plead-
ings. The court entered a decree for plaintiff. *Held,* On appeal,
that the record supported the decree.

APPEAL from the district court of Douglas county.
Heard below before POWELL, J. *Affirmed.*

*Congdon & Parish,* for appellant.

*Francis A. Brogan, contra.*

RAGAN, C.

This is an appeal by Edwin D. Kitton from a decree
of the district court of Douglas county foreclosing an
ordinary real estate mortgage at the suit of the Omaha
Loan & Trust Company. The trust company in its peti-
tion alleged the execution and delivery by Kitton to it
on July 1, 1892, of a principal note of $3,200, due five
years after date, drawing interest at six per cent per
annum, payable semi-annually, and evidenced by cou-
pons, and all secured by real estate mortgage; that be-
fore the maturity of such mortgage debt, or any part of
it, the trust company sold and assigned it to Louisa A.
Corbett, guarantying the payment of principal and in-
terest; that Kitton made default in paying three of the
coupons of said loan, and that the trust company, in pur-
suance of its contract of guaranty, paid said coupons
and took them up. The suit was to foreclose the mort-
gage for those three coupons subject to the principal un-
matured debt. Kitton, by his answer, denied the assign-
ment of the mortgage to Corbett and specially denied
that there was due to the trust company the amount

claimed by it in its petition, alleging that he had paid it $50, which it had not credited. After this answer was filed the trust company admitted that Kitton had paid the $50 alleged by him in his answer, credited the same on the coupons sued on, and demanded judgment on the pleadings, which the court awarded it.

If the trust company had never parted with the title to the principal debt secured by the mortgage, but had owed it all at the time this suit was brought, we know of no reason why it might not have foreclosed for the unpaid coupons subject to the unmatured principal. The pleadings showed upon their face that the principal of the debt secured by this mortgage was not due when this action was brought. The averment, then, in the trust company's petition that it had sold and assigned this principal debt to Corbett was an immaterial allegation and one that the trust company was not required to prove in this case in order to be entitled to decree. The effect of the answer of Kitton as to the amount due the trust company is that the amount claimed to be due by it was correct, except the $50 which Kitton alleged he had paid. The trust company, by admitting in its motion the payment of this $50 and crediting it on Kitton's coupons in suit, was the same in effect as if the trust company had taken decree for all it claimed and then remitted the $50, and had this been done, the record would have supported the decree. The judgment of the district court is

AFFIRMED.