## HANNAH SILVERMAN

*v.*

## LAZARUS SILVERMAN *et al.*

*Opinion filed February 20, 1901—Rehearing denied April 4, 1901.*

MORTGAGES—*holder of matured interest coupon may foreclose.* The legal holder of a matured interest coupon is not required to wait until the principal note secured by the trust deed is due before he can enforce his security by foreclosure, notwithstanding such right is not given by the terms of the trust deed. (*Boyer* v. *Chandler*, 160 Ill. 394, followed.)

*Silverman* v. *McCormick*, 90 Ill. App. 120, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

ELIJAH N. ZOLINE, for plaintiff in error.

WILSON, MOORE & MCILVAINE, for defendant in error
Harold F. McCormick.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a writ of error to the Appellate Court for
the First District, seeking to reverse a judgment of that
court affirming a decree rendered in the superior court of
Cook county foreclosing a trust deed executed February
19, 1896, by Hannah and Lazarus Silverman to a trustee
and endorsed to the McCormick Harvesting Machine
Company. The trust deed was given to secure the pay-
ment of a promissory note of $200,000, payable seven
years after date, and also seven interest coupon notes,
each for the sum of $10,000, payable annually. Defend-
ant in error Harold McCormick became the owner of the
interest note for $10,000 due February 19, 1898, and the
same not being paid when due, he filed his bill April 15,
following, to foreclose. The parties to the trust deed
and other persons interested in the property were made
parties defendant to the bill. Hannah Silverman filed
an answer admitting the making of the trust deed and
notes, but neither admitting nor denying that the com-
plainant was the legal holder of the note in question
or that the same was not paid, but praying strict proof.
A decree was rendered granting foreclosure and ordering
sale of the premises, subject to the lien of the trust deed
and the principal and other interest notes.

The chief contention of plaintiff in error urged below
and again urged here is, that the holder of the interest
coupon could not have foreclosure of the trust deed until
the principal debt became due, because the trust deed
did not provide that the holder should have the right to
foreclose upon the non-payment of interest when due.
It is true, this trust deed did not contain a clause pro-
viding that the holder of the principal and interest notes

should have the option to foreclose in case of default; but the holder of a note due is not required to wait until other notes secured by the same mortgage are due before he can take steps to enforce his security. To refuse a foreclosure of a mortgage for his debt as it matures, when payable in installments, would be to deprive him of his right without his fault. The debt was due and unpaid. The decree in this case does not purport to affect the lien of the principal and the remaining interest notes, but seeks only a foreclosure as to the debt which is due. The cause is like that of *Boyer* v. *Chandler*, 160 Ill. 394, which is decisive of the questions raised upon this point.

Upon the trial the principal note and trust deed were offered in evidence, and it would seem, for the purposes of extra precaution, to prevent their loss, they being of great value, leave was granted to complainant's solicitors to withdraw them. No objection was urged by plaintiff in error at the time, but upon the assignment of error that "the allegations of the bill are not sustained by the evidence" it is contended that the master did not have before him, as evidence, the trust deed. This objection is too technical to merit serious consideration. Clearly, the papers were not taken away with the view of withdrawing them as evidence, nor is this contention made directly, but only inferentially. However, they were filed again at a later period and were properly a part of the record. Moreover, the answer admits the execution of the trust deeds and the notes. The record, fairly understood, shows that the originals were permitted to be withdrawn upon leaving a copy, and that the effect of such an order was not to withdraw them as evidence.

Finding no merit in the errors insisted upon, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*