[No. 15599. Department Two. May 13, 1920.]

Edna C. Tibbetts, *Respondent*, v. Bush & Lane Piano Company, *Appellant*, A. Simonsen *et al.*, *Defendants.*[1]

Execution (60, 61)—Rights Passing to Purchaser—Liens. An execution purchaser of mortgaged premises succeeds to all the rights of the mortgagors and is entitled to pay interest until the date of maturity to avoid a foreclosure of the mortgage.

Mortgages (138)—Right to Foreclose—Maturity of Debt—Default Demanding Opportunity to Pay. An execution purchaser, succeeding to all the interests of the mortgagors, is entitled to pay interest until maturity; and a foreclosure prior to maturity is premature, where, upon diligent demand, the mortgagee refused to give the purchaser an opportunity to pay the interest due, since there was then no default.

Appeal from a judgment of the superior court for Whatcom county, Pemberton, J., entered June 30, 1919, upon findings in favor of the plaintiff, in an action to foreclose a mortgage, tried to the court. Reversed.

*Charles E. Congleton* (*Thos. R. Waters* and *Lester Whitmore,* of counsel), for appellant.

*C. H. Hurlbut,* for respondent.

Mount, J.—This appeal is from a decree of the lower court foreclosing a real estate mortgage.

There is no substantial conflict upon the facts, and they may be briefly stated as follows: On October 15,

[1]Reported in 189 Pac. 996.

1917, A. Simonsen and wife executed and delivered to Frank E. White their promissory note for $2,000. This note was made payable "five years after date," with interest at the rate of seven per cent per annum, payable semi-annually at the office of J. G. Hull & Company, Bellingham, Washington. In order to secure the payment of this note, Simonsen and wife executed to Mr. White the mortgage which is the basis of this action. This mortgage was duly recorded. The mortgage and note provided that, if any interest should remain unpaid for thirty days after due, the principal note should become due and payable at once, without notice. The mortgage also provided that, if the mortgagors failed to pay the taxes and assessments against the property, the mortgagee was authorized to declare the whole amount secured by the mortgage at once due and payable. Thereafter the respondent became the owner of the note and mortgage by assignment from Mr. White. This assignment was not recorded until after this action was begun. After the mortgage was made and recorded, a judgment was obtained by the Bush & Lane Piano Company against Simonsen and wife. The mortgaged property was sold under execution, subject to the mortgage. The piano company was the purchaser at that sale. The first semi-annual interest payment under the note and mortgage had been paid by Simonsen and wife; but before October 15, 1918, when the next payment became due, the Bush & Lane Piano Company, through an agent, interviewed Mrs. Simonsen and was informed that the Simonsens did not intend to pay further interest upon the note and mortgage. On November the 1st of that year, Mr. Congleton, representing the Bush & Lane Piano Company, wrote a letter to Mr. Hull, who represented the respondent, stating that the piano company did not want any foreclosure proceedings,

". . . and if you will write me the amount of the interest due on the mortgage I will take up with my client the matter of paying the interest. If there are any overdue taxes I would like to know the amount, for it does not look as though the Simonsens expect to redeem the property from the mortgage."

On November the 9th, in answer to this letter, Mr. Hull stated, in substance, that the holder of the note intended to foreclose the mortgage; that more than a year's interest at seven per cent, together with $65 taxes in arrears, was due. Thereupon Mr. Congleton, on November the 12th, again wrote to Mr. Hull, stating in substance that, if Mr. Hull would tell him the amount of interest due, he would try to arrange to pay the same and thus save the expenses of foreclosure. He received no answer to this letter. At the time these letters were written, the interest payment was not thirty days overdue and the mortgage was not subject to foreclosure under the terms thereof. Thereafter the action was brought, and Simonsen and wife and the Bush & Lane Piano Company were made parties defendant. As soon as the complaint was served upon the Bush & Lane Piano Company, that company, having previously paid the taxes, and being informed by the allegations of the complaint as to the amount claimed to be due as interest upon the note, tendered the interest, and kept the tender good by paying the interest into court. Upon these facts, the trial court entered the decree of foreclosure, from which the Bush & Lane Piano Company appeals.

The only question in the case is whether the note was due and the mortgage subject to be foreclosed.

The trial court was apparently of the opinion that, because the appellant was a purchaser of the mortgaged property at execution sale, it was not bound to pay the mortgage debt, and therefore there was no

obligation upon the respondent to demand payment from the Bush & Lane Piano Company, or to inform that company of the amount of interest due, prior to bringing the action to foreclose. It is apparent that the Bush & Lane Piano Company had succeeded to all the rights of the original mortgagors in the mortgaged property. *George v. Butler,* 26 Wash. 456, 67 Pac. 263, 90 Am. St. 756, 57 L. R. A. 396. The original mortgagors had no further interest therein except a right to redeem. The Bush & Lane Piano Company, having purchased the interest of the mortgagors, was required to pay the interest as it accrued and, eventually, the principal, or suffer a foreclosure against the mortgaged property. It seems too clear for argument that the Bush & Lane Piano Company was entitled to pay the interest until the maturity of the note. That company was entitled to know the amount of interest due upon the note so that it might pay the interest if it desired. It made diligent inquiry before there was any default in the interest payment, and manifested an intention to pay the interest and the taxes before there was any default. An opportunity to make these payments was refused, because the agent of the holder of the mortgage declined to make known to the Bush & Lane Piano Company the amount of interest due; and it was not until the complaint in foreclosure was served upon the piano company that it knew the amount of interest due. Thereupon the company tendered the interest.

This court has in a number of cases held that a provision in a note or mortgage hastening the date of maturity of the whole debt is for the benefit of the payee, and if he does not manifest any intention to claim it before a tender is actually made, there is no default such as will cause the maturity of the debt before the regular time provided in the agreement.

*Coman v. Peters,* 52 Wash. 574, 100 Pac. 1002, and cases there cited; *Gunby v. Ingram,* 57 Wash. 97, 106 Pac. 495, 36 L. R. A. (N. S.) 232. Under the rule of these cases, it was the duty of the respondent, before beginning foreclosure of her mortgage, to notify the appellant of the amount of interest due and of her intention to foreclose unless the interest was paid. The record here is plain to the effect that the respondent knew that the piano company had succeeded to the interest of the original mortgagors and desired to pay the interest so as to prevent a foreclosure; and that she or her agent refused to inform the appellant of the amount due. It is also apparent from the record that the appellant did not know, and had no means of knowing, the amount of interest due; that it made every effort to obtain the desired information, and that the respondent wrongfully concealed the information from the appellant. For these reasons, we are of the opinion that the trial court erred in entering the decree of foreclosure.

The judgment appealed from is reversed, and the cause remanded with directions to dismiss the action.

HOLCOMB, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.