## Reliance State Bank, Appellee, v. Harry Zisook et al., Appellants.

### Gen. No. 26,476.

1. BONDS—*right of purchaser of bonds and coupons payable to bearer to foreclose security.* Where, in a foreclosure suit as to part of a bond issue, defendant claimed that, because complainant came into possession of the bonds and interest coupons in question by paying the holders thereof at maturity without any agreement of the makers so to do, complainant was a mere volunteer seeking to be subrogated to the rights of the holders, *held* that the doctrine of subrogation had no application because the bonds and coupons were payable to bearer and passed by delivery, and, being unpaid, remained an obligation of the makers to whomsoever legally held them, and that the transaction did not lose its character as a purchase because such bonds and coupons were first negotiated through the bank of complainant or its predecessor, and were payable thereat.

2. BONDS—*right of holder of part of issue and certain coupons on entire issue to foreclose as to bonds and coupons held by him.* The holder of 4 bonds of an issue of 88 bonds, who also held certain interest coupons on each of said 88 bonds, had the right to proceed to a foreclosure as to the bonds and coupons held by him, without exercising the option to declare the entire principal sum due, where the trust deed contained a provision that after 30 days' default in the payment of any of said bonds, either principal or interest, the whole of the principal should at once, at the option of the holder of any one of the bonds, become due and payable, and a further provision that the owner of coupons other than the

holder of bonds might foreclose for the amount due upon such coupons, provided the foreclosure be made subject to the lien of the trust deed for the security of the principal and unpaid interest.

3.  MORTGAGES—*provision for partial foreclosure on coupons as preventing partial foreclosure as to bonds.*  The fact that a trust deed securing a series of 88 bonds and semiannual interest coupons provided for a partial foreclosure by holders of interest coupons alone could not reasonably be held to deprive the holders of matured bonds and coupons from exercising the right of a partial foreclosure which existed without any express provision in the trust deed therefor.

4.  MORTGAGES—*necessity for authorization in trust deed to permit partial foreclosure by holder of certain bonds and coupons.*  The right to a partial foreclosure by the holder of certain bonds and coupons of a bond issue exists without any express provision in the trust deed for such right to foreclose.

5.  MORTGAGES—*applicability of provision in trust deed for solicitor's fees in case of partial foreclosure.*  A provision in a trust deed securing a series of 88 bonds and interest coupons for reasonable solicitors' fees in case of foreclosure did not limit the allowance to a foreclosure for the entire principal sum, and it was not error to allow solicitors' fees on a partial foreclosure.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed November 29, 1921.

RALPH ROSENBERG, for appellants; BENJAMIN ROSENBERG, of counsel.

GUSTAV E. BEERLY, for appellee; ELLIS S. CHESBROUGH, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This appeal is from a decree in a foreclosure suit brought upon a trust deed from appellants to the Chicago Title & Trust Company, trustee, of certain real estate to secure a series of 88 bonds aggregating $28,000 and semiannual interest coupons attached thereto, all payable to bearer. These bonds were dated January 30, 1917. Some fell due at the end of

each year thereafter up to 1922, when the last of the series matured. Complainant (the appellee) was the owner and holder of coupons numbered 2, 3 and 4 attached to each of said 88 bonds, and also of 4 of the bonds for $500 each, which matured and were unpaid at the time the bill was filed and when the decree was entered. The decree was for $6,813.12.

It is contended that the bill should have been dismissed because there was a valid agreement between complainant and Harry Zisook, one of the makers of the bonds, that in consideration of the assignment of rents accruing from the premises the former would forbear bringing any foreclosure proceedings before the final maturity of the indebtedness secured thereby. The contention was not sustained by either the master or the court, presumably because the evidence was insufficient to meet the burden of establishing the same, and as we concur in that conclusion it is unnecessary to discuss the evidence on the subject.

It is also urged that because complainant came into possession of said bonds and interest coupons by paying the holders thereof at the time of their maturity, without any agreement of the makers so to do, complainant is in the position of a mere volunteer seeking to be subrogated to the rights of said holders. We do not so view it. The bonds and coupons being payable to bearer, the title thereto passed with delivery to complainant on its paying therefor. (Negotiable Instruments Act, sec. 30 [Cahill's Ill. St. ch. 98, ¶ 50]; *Mercer County Sup'rs v. Hubbard*, 45 Ill. 139, 143.) The transaction amounted to complainant's purchase of the same, and did not lose its character as such merely because said bonds or coupons were first negotiated through the bank of complainant or its predecessor and were made payable thereat. They were not canceled or marked paid. They still remained an obligation of the makers to whomsoever legally held them. Complainant was not, therefore, seeking relief on the

theory of subrogation but as a valid bona fide holder and owner of such securities, and hence there is no reason for discussing the doctrine of subrogation.

It is further contended that there could be no foreclosure by appellee, under the provisions of the trust deed, without first declaring the whole of the principal sum due after a default being made, and requesting the trustee to institute suit for foreclosure, as might be done under provisions of the trust deed. There was ample proof of the refusal of the trustee to institute the suit, and of compliance with the condition under which a bondholder might institute the suit. The contention rests on the interpretation of articles 6 and 9 of the trust deed when considered together. Article 6 of the trust deed provides that "in case of default for a period of 30 days in making payment of any of said bonds, either of principal or interest, then the whole of said principal sum secured thereby shall at once  *  *  *  at the option of the holder of any one of said bonds then unpaid, become due and payable." Article 9 provides that the owner of any interest coupon, "other than the holder or holders of said bond or bonds" may foreclose "for the amount due at any time upon said interest coupons or any of them," provided such foreclosure is "subject to the lien of the trust deed for the security of the principal sum and any and all interest coupons," etc.

Complainant did not exercise such option but proceeded to foreclose only for the amount of the bonds and interest coupons which it held, subject to the lien of those not due. It is urged that complainant could not thus proceed to a partial foreclosure.

Seemingly all these contentions have been passed on by the Supreme Court in *Boyer v. Chandler*, 160 Ill. 394, and *Silverman v. Silverman*, 189 Ill. 394. In the former case, under somewhat similar provisions in the mortgage deed, it was said that the holder of the securities was not bound to exercise the option to de-

clare the whole debt due, that the holder of a note due is not required to wait until the other notes secured by the same instrument are due before taking steps to enforce his security, and that his foreclosure, subject to the continued lien of said instrument for the security of the rest of the indebtedness, does not affect injuriously the holders of such securities not due.

We find nothing in the trust deed that can reasonably be said to limit or restrict the right to a partial foreclosure. The fact that it provides for one by holders of interest coupons alone—a right they had without that express provision—cannot reasonably be construed to deprive the holders of matured bonds, or bonds and interest coupons—as to which on this question no distinction need be made—from exercising a right that exists without any express provisions in the trust deed therefor. (*Silverman v. Silverman, supra.*) It would be an absurd construction of the trust deed to hold that while owners of interest coupons on which there had been a default could foreclose subject to a continuing lien for the rest of the debt, the owner of matured bonds on which there had been a default could not likewise foreclose subject to a like lien.

It is also urged that it was erroneous to include in the decree reasonable solicitors' fees. We do not concur with appellants in construing the deed as limiting the provision therefor to a foreclosure for the entire principal sum. The argument seems to be based on the injustice of allowing solicitors' fees on each separate foreclosure that might be had. The deed provides for the inclusion of solicitors' fees in the decree without any express limitation excepting their reasonableness. That would be a matter for the court to pass on under the circumstances of each particular case before it.

There being no reversible error in our opinion the decree will be affirmed.

*Affirmed.*

Gridley, P. J., and Morrill, J., concur.