ISRAEL GORDON, TRUSTEE, ET AL. *vs.* WALTER A. DONOVAN ET ALS.

Third Judicial District, New Haven, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued January 24th—decided March 3d, 1930.

*Robert J. Woodruff* and *John G. Confrey,* for the appellants (defendants).

*Joseph I. Sachs* and *Manuel S. Sachs,* for the appellees (plaintiffs).

HINMAN, J.   Assignments of error seven and eight question the right to decree foreclosure predicated upon interest payments due without foreclosure, also, of the principal of the note; assignment six questions the

right to include in the judgment interest payments accruing after the date of the original complaint; assignments two, three and four were intended to question the right to render judgment in favor of both of the plaintiffs.

As to the first question, the right to foreclose for overdue interest, where the principal is not yet due, is generally recognized. *Butler* v. *Blackman,* 45 Conn. 159; *Boyer* v. *Chandler,* 160 Ill. 394, 43 N. E. 803; *Silverman* v. *Silverman,* 189 Ill. 394, 59 N. E. 949; *Morganstern* v. *Klees,* 30 Ill. 422; *Omaha Loan & Trust Co.* v. *Kitton,* 58 Neb. 113, 78 N. W. 374; *Dederick* v. *Barker,* 44 Mich. 19, 5 N. W. 1064; *Central Trust Co.* v. *New York City & Northern R. Co.,* 33 Hun (N. Y.) 513. The existence of junior incumbrances or the fact that the mortgagor had assigned his interest in the premises before the interest became due does not afford reason for an exception to the rule. The appellants' principal contention appears to be that it was incumbent upon the plaintiffs to declare the principal due and foreclose upon that as well as the arrears of interest, or that the mortgagor or his successor in interest has, or should have, the right to accelerate the maturity of the principal. The settled rule is decisively to the contrary. "The whole debt is not due until the mortgagee or other holder has exercised his election; . . . [it] does not become due ipso facto upon default but the mortgagee has a mere option which he may exercise or waive." 2 Jones on Mortgages (8th Ed.) § 1512. "A clause in a mortgage accelerating maturity of the entire indebtedness for nonpayment of interest or an installment of principal is solely for the benefit of the mortgagee or his assignee, who have the option to enforce it or not." 1 Wiltsie on Mortgage Foreclosure (4th Ed.) § 72; *Richardson* v. *Warner,* 28 Fed. 343; *Blakeslee* v. *Hoit,* 116 Ill. App.

83; *Cresco Realty Co.* v. *Clark,* 128 N. Y. App. Div. 144, 112 N. Y. Supp. 550; *Tibbetts* v. *Bush & Lane Piano Co.,* 111 Wash. 165, 189 Pac. 996; *Coman* v. *Peters,* 52 Wash. 574, 100 Pac. 1002. The right to declare the whole debt due belongs to the mortgagee and not to the mortgagor. *Fletcher* v. *Daugherty,* 13 Neb. 224, 13 N. W. 207; *Cox v. Kille,* 50 N. J. Eq. 176, 24 Atl. 1032; 41 Corpus Juris, 850.

The inclusion, by means of a supplemental complaint, of the interest payments accruing subsequently to those covered by the original complaint was permissible and proper. § 188, Rules, Practice Book, p. 286; *Woodbridge* v. *Pratt & Whitney Co.,* 69 Conn. 304, 334, 37 Atl. 688; *Duessel* v. *Proch,* 78 Conn. 343, 350, 62 Atl. 152; *Beach* v. *Isacs,* 105 Conn. 169, 176, 134 Atl. 787. Separate foreclosure actions upon the after-accruing interest payments would unnecessarily multiply suits, complicate adjudication, and impose an additional burden of costs upon redeeming defendants.

Assignments two, three and four, being general instead of specific, fail to conform to our statute and rule (General Statutes, § 5833; Practice Book, pp. 100, 107) and our repeated admonitions that such assignments will not be considered. Even if properly made they could not avail the appellants. Both Annie Lander (the absolute assignee from Rose Glance, the original mortgagee) and Gordon, trustee, the conditional assignee from Annie Lander and holder of the note and mortgage as collateral security, were necessary parties to the action. *Hopson* v. *Ætna Axle & Spring Co.,* 50 Conn. 597, 602; *Barnes* v. *Upham,* 93 Conn. 491, 495, 107 Atl. 300. "When the owner of a mortgage has pledged it as collateral security for a debt of less amount than the mortgage, he still has such an interest in it as entitles him to bring an action for the foreclosure [of it]. . . . But in such an action the pledgee

is a necessary party, and may be made a coplaintiff, or a defendant; . . . It is . . . proper for the mortgagee and the pledgee to join as coplaintiffs, . . . as they are together the owners of the entire bond and mortgage. Neither the mortgagor nor other parties to the action can object to such joinder of plaintiffs, as all the parties interested in the mortgage debt are thereby brought before the court, so that its decree will be binding and conclusive upon them." 1 Wiltsie on Mortgage Foreclosure (4th Ed.) §§ 304, 305; General Statutes, § 5640; *Barnes* v. *Upham, supra;* 3 Jones on Mortgages (8th Ed.) § 1757. Where, as here, the note and mortgage assigned as collateral security contain an acceleration clause, an additional justification for joinder of assignor and assignee as plaintiffs is afforded since neither, alone, can declare the entire debt due or, per contra, waive the exercise of the option. The election must be made by both. *Cresco Realty Co.* v. *Clark,* 128 N. Y. App. Div. 144, 112 N. Y. Supp. 550; *Shaw* v. *Wellman,* 59 Hun (N. Y.) 447, 13 N. Y. Supp. 527; *Marine Bank* v. *International Bank,* 9 Wis. 57; 1 Wiltsie on Mortgage Foreclosure (4th Ed.) § 72. The assignor and assignee, by uniting as parties plaintiff, unequivocally manifested an election, by both, not to exercise the option to declare the principal due but to base the foreclosure upon the interest payments, only.

There is no error.

In this opinion the other judges concurred.