IDA BETZES
vs.
JACOB HOROWITZ, ET ALS.

Superior Court      New Haven County      File #48499

Present:  Hon. JOHN A. CORNELL, Judge.

Benjamin Krevit,                Attorney for the Plaintiff.

D. M. Rielly,
Louis Weinstein,                    Attorney for the Defendants.

## MEMORANDUM FILED DECEMBER 21, 1935.

CORNELL, J.   The complaint sets up that the defendants on October 15, 1925, assumed and agreed to pay the note secured by the mortgage which it is sought to foreclose; that they ceased to make payments on the note in accordance with its terms on January 25, 1931, at which latter time there was a balance of the principal sum owing in the amount of $10,200 plus accrued interest of $2,329.00.

The third defense sets up that the right of action did not accrue within three years next before the commencement of this action, evidently meaning that it arose more than three years before the action was commenced.

The demurrer attacks the sufficiency of this defense "because the contract alleged in the complaint being in the nature of an assumption agreement of a mortgage note, the action may be brought within six years after the right of action accrues under **Section #6005 of General Statutes, Revision of 1930**".

The defense which is assailed in the demurrer apparently proceeds on the claim that the alleged agreement to assume the mortgage debt was by parol and is hence governed by the provisions of **General Statutes, Rev. 1930, #6010** which prescribes that (except actions for book debts or proper subject thereof), "no action shall be brought but within three years next after the right of action shall accrue on any express contract or agreement unless the same be in writing or evidenced by a writing signed by the person sought to be charged.

Plaintiff contends that the alleged assumption agreement was in writing and so the statute of limitations applicable is **General Statutes, Rev. 1930, #6005**, which allows six years in which to bring an action on a simple or implied contract

or upon a contract in writing not under seal.

The difficulty with both of these contentions is that they are de hors the record. For while the complaint states that defendants' agreement to assume payment of the mortgage note was in consideration of the conveyance of the mortgaged premises to him, it fails to state whether it was in writing or by parol. No motion has been addressed to the complaint for the purpose of eliciting this information.

Since it does not appear in the complaint that the assumption agreement was in writing there is nothing to show that the **General Statutes, Rev. 1930, #6005** applies. The validity of the third defense must, therefore, await the development of proof on the trial insofar as this aspect of the controversy is concerned.

However, while it is purely dicta, attention should be called to other considerations which may be decisive. Thus, it appears from the complaint that the note in question is payable in certain stipulated installments and is alleged to provide "that if any of the payments of principal or interest should remain in arrears and unpaid for the period of fifteen days after the same should fall due . . . . the principal of the note should immediately thereafter, at the option of the holder thereof become due and payable on demand."

It is held that such a provision is for the benefit of the holder of the mortgage note who, alone, has the right to enforce it. **Gordon vs. Donovan, 111 Conn. 109.** From which it follows that the time when default matures and the principal sum becomes payable on demand at the option of the holder is not necessarily coincident with the date when the person liable on the note becomes obligated to pay it.

Not until the holder of the note exercises his option to demand payment thereof can there be occasion for the accrual of a right of action. **Gordon vs. Donovan, supra.** It follows that the running of the statute of limitations did not commence until demand was made and payment then refused or neglected. So far as appears from the complaint this did not take place until the instant action was commenced. See **Higginbottom vs. Manchester, 113 Conn. 62, 72.** Necessarily, if this be so, it is immaterial whether the agreement of assumption was written or oral and whether **General Statutes, Rev.**

1930, #6005 or #6010 governs. Neither statute would have run, in such event.

However, this may be, the demurrer addressed to the third defense in the present state of the complaint and on the ground named therein, must be, and is, overruled.