## Hannah Silverman et al. v. Harold F. McCormick et al.

1. FORECLOSURE—*Of a Mortgage by the Holder of a Coupon Note.*— The holder of interest or coupon notes secured by a mortgage is entitled to foreclose without waiting until the other coupon notes secured by the same mortgage become due.

Foreclosure of a Mortgage, by the holder of a coupon note. Error to the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed July 5, 1900.

**Statement.**—February 19, 1896, Lazarus Silverman executed his principal promissory note of that date for the sum of $200,000, payable to his own order seven years after the date thereof, with interest at the rate of five per cent per annum, and also seven interest notes of same date payable to his own order, each for the sum of $10,000, payable annually, which principal and interest notes he indorsed in blank and delivered to the McCormick Harvesting Machine Company. To secure the payment of said principal and interest notes, Hannah Silverman and Lazarus Silverman executed and delivered to Eugene K. Butler a trust deed of certain described premises situated in the city of Chicago, Cook county, Illinois. Harold McCormick, defendant in error, became the legal holder of the interest note for $10,000, due February 19, 1898, and April 15, 1898, filed a bill to foreclose the trust deed. The trust deed contains the following:

"Whereas, the said Lazarus Silverman is justly indebted upon his one (1) principal promissory note, bearing even date herewith, payable to the order of himself and by him duly indorsed and delivered, for the sum of two hundred thousand ($200,000) dollars, due seven (7) years from the date hereof, with interest thereon at the rate of five (5) per cent per annum, payable annually, as evidenced by his seven (7) interest notes numbered from one to seven, both inclusive, of even date herewith, payable to the same order and indorsed as aforesaid, for the sum of ten thousand ($10,000) dollars each, and due in one, two, three, four, five, six and seven years respectively, after date. Both principal and interest payable at the office of McCormick Harvesting Machine Company, in Chicago, Illinois, and if not paid at maturity are to bear interest thereafter at the rate of five (5) per cent per annum until paid. It is hereby understood and agreed that payment of the principal and accrued interest may be made at any time after two (2) years, provided six (6) months' previous notice shall have been given to the trustee herein of any intention of making such payment."

After issues were made up as to such of the defendants to the bill as answered, the cause was referred to a master to take proofs and report the same, with his conclusions as to law and fact. The court confirmed the master's report,

which was in favor of the complainant in the bill, found the amount due the complainant, and that he had a lien subject to the lien of the trust deed to secure payment of the principal note, and the interest notes falling due since February 19, 1898, and decreed a sale of the premises.

ELIJAH N. ZOLINE, attorney for plaintiffs in error.

WILSON, MOORE & MCILVAINE, attorneys for defendants in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The only contention of plaintiffs' counsel which we deem it necessary to consider is that under the terms of the trust deed there could be no foreclosure until after the maturity of the principal note. This contention is based on the fact that the trust deed does not, in terms, provide for a foreclosure for non-payment of the interest notes, or any of them, at maturity, and on the provision for interest on the amounts due by the interest notes after their maturity.

The trust deed by its terms is security for the payment of both principal and interest, and we regard the case of Boyer v. Chandler, 160 Ill. 394, as decisive of the right of appellant McCormick, as the legal holder of the interest note, to a foreclosure. We think it unnecessary to add anything to what is said by the court in that case.

The decree will be affirmed.