## Shalah Romberg (formerly Shalah Silverman) v. Stanley McCormick.

95    309
r194s  205

1. FORECLOSURE—*Junior Mortgagee by Foreclosure Can Not De-
prive First Mortgagee of His Right.*—A junior mortgagee, by the fore-
closure of his mortgage, can not thereby deprive a first mortgagee of
his right to foreclose thereafter.

2. SAME—*Of a Mortgage by the Holder of Coupon Note.*—The holder
of interest or coupon notes secured by a mortgage is entitled to fore-
close without waiting until the other coupon notes secured by the same
mortgage become due.

Foreclosure of a Trust Deed.—Appeal from the Superior Court of
Cook County; the Hon. Arthur H. Chetlain, Judge, presiding.   Heard
in this court at the October term, 1900.   Affirmed.   Opinion filed May
23, 1901.

Statement by the Court.—Appellee filed his bill April
11, 1899, in the Superior Court, to foreclose a trust deed

made by Hannah and Lazarus Silverman, dated February 19, 1896, to Eugene K. Butler, as trustee, conveying certain premises in Chicago, Cook county, Illinois, to secure one principal note of said Lazarus Silverman for the sum of $200,000, payable to his order and by him indorsed, due seven years after its date, with interest at five per cent per annum, payable annually, as evidenced by his seven interest notes numbered from one to seven, both inclusive, of the same date, payable to his order and by him indorsed, each for the sum of $10,000, and due in one, two, three, four, five, six and seven years respectively after date.

Appellee purchased one of said interest notes, numbered 3, which became due February 19, 1899, on or about March 29, 1899. As a part of the sale it was agreed with the Mc-Cormick Harvesting Machine Co., which was then the owner of the principal note, that said interest note No. 3 should be subject to the lien of said trust deed to secure the principal note and all interest accruing thereon subsequent to the maturity of said interest note No. 3, and all other charges arising under the provisions of said trust deed.

The foreclosure was sought only on account of the said interest note No. 3 and interest thereon at the rate of five per cent per annum from February 19, 1899, the date of its maturity, which by its terms was provided, and the prayer of the bill asks that the foreclosure shall be subject to the lien of the trust deed, according to the agreement above stated.

The bill also sets up, among other things, that Shalah Silverman and others, naming them, claim some interest in said premises as owners of the equity of redemption therein, as judgment creditors, subsequent incumbrancers, or otherwise, and that said Shalah Silverman was the owner of a note for $75,000, dated February 20, 1896, due on or before three years after its date and secured by a trust deed on said premises made by said Hannah and Lazarus Silverman to Edward O. Brown, as trustee, of the same date as said note, and which, it is alleged, was subordinate and subject to the lien of the trust deed to said Butler.

The said Hannah, Lazarus and Shalah Silverman demurred to the bill specially, that it was filed prematurely, and thereafter answered separately, in which they claim the same advantage by their answer as by the demurrer, and the said Shalah Silverman in addition set up her ownership of the $75,000 note, that it was secured by said trust deed to Brown, and that there was also interest due thereon at five per cent per annum from its date, evidenced by three interest notes, each for the sum of $3,750, which also bore interest at the rate of five per cent per annum from the dates of their maturity respectively.

Replications were filed to the several answers, the cause referred to a master to take proof and report his conclusions of law and fact. The master took evidence and reported, in substance, that there was due to appellee on said interest note No. 3, including interest thereon, the sum of $10,450, and that he was entitled to a solicitor's fee of $400 under the terms of the trust deed, all of which was a lien upon said premises, subject to the lien of said trust deed to Butler securing said principal note and all interest accruing thereon subsequent to the maturity of said interest note No. 3, and all other charges arising under the provisions of said Butler trust deed. He further found that there was due to Shalah Silverman on account of the notes and secured by the trust deed to Brown set up in her answer, the total sum of $90,681.74, which was also a lien upon said premises, but subject to the lien of the Butler trust deed.

After the overruling of objections and exceptions to the master's report the court entered a decree confirming it in all respects and directing a foreclosure of the Butler trust deed for the amount due appellee, as hereinabove stated, and directing that if, after the payment of costs, fees, and the amount due appellee, including solicitor's fees, there should be a surplus, he should hold the same subject to the further order of the court. The decree fails to find in express terms the amount due to Shalah Silverman and her lien under the Brown trust deed, as was specifically found

by the master. From this decree the appeal herein is taken by Shalah Silverman under the name of Shalah Romberg.

ELIJAH M. ZOLINE, solicitor for appellant.

WILSON, MOORE & MCILVAINE, solicitors for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

It is claimed, first, that the bill was prematurely filed, but we think this contention is not tenable. It appears from the evidence, though not in the decree, nor in the master's report proper, that Harold F. McCormick had filed a bill to foreclose the same trust deed here sought to be foreclosed, but for the failure to pay an interest note, No. 2, referred to in the statement preceding this opinion, becoming due February 19, 1898, and secured a decree of sale thereunder. That decree directed a sale of the premises subject to the continuing lien of the trust deed to secure the principal note and all interest accruing thereon after February 19, 1898, and thus made the claim of appellee herein, under the interest note, No. 3, a first mortgage as compared with the lien claim of said Harold F. McCormick. We deem it unnecessary to cite authority to sustain the proposition that a junior mortgagee, by the foreclosure of his mortgage, may not thereby deprive a first mortgagee of his right to foreclose thereafter. The case of Hill v. Blackwelder, 113 Ill. 285, relied upon by appellant in this regard, is not applicable.

Next it is urged for appellant that the bill was prematurely filed because the trust deed does not authorize a foreclosure for non-payment of interest. A like contention was held by this court to be untenable in the case of Silverman v. McCormick, 90 Ill. App. 120, involving the same trust deed here in question. This case was affirmed by the Supreme Court in the case of Silverman v. Silverman, 189 Ill. 394.

It is also claimed that the court erred in not making a specific finding of appellant's lien as found by the master,

but this can not be maintained.    The decree confirms the master's report in all respects, which necessarily includes a finding of appellant's lien as found by the master; and by the terms of the decree, in case there should be a surplus on the sale, the master is directed to hold it subject to the further order of the court.    This is a full protection to the rights of appellant in that regard.

It is further said that, although this bill was filed in the name of appellee, it was virtually brought for the benefit of the McCormick Harvesting Machine Co., and therefore the proceeding should fail.    There is no evidence in the record to sustain the claim.    It appears that before the bill was filed, and on March 29, 1899, appellee purchased and paid cash for the interest note No. 3, and it was handed to him by the representative of the McCormick Co.

Counsel for appellee claim that damages should be assessed against appellant for the prosecution of this appeal merely for delay.    We can not yield our assent to the claim. It is true the principal question in this case had been decided by this court against appellant's contention in the case of Silverman v. McCormick, *supra*, but an appeal in that case was pending in the Supreme Court at the time this appeal was taken and perfected, and he had a right to have the question adjudicated by the Supreme Court without incurring the liability to a penalty by way of damages for taking this appeal.    The decision of the Supreme Court on the question was not finally made until long after this cause was submitted, and we, therefore, are of opinion that, under the circumstances shown by this record, the case does not come within the spirit nor intendment of the statute invoked.    The decree of the Superior Court is affirmed.