## SHALAH ROMBERG

v.

## STANLEY McCORMICK.

| 194 | 205 |
| 213 | ᶜ 58 |

*Opinion filed December 18, 1901—Rehearing denied February 5, 1902.*

1. MORTGAGES—*a party assigning coupon may stipulate that it be a junior lien to principal note.* The owner of a note secured by mortgage may, upon assigning an interest coupon thereof, stipulate that such coupon be subject to the lien of the mortgage for the principal note and coupons subsequently becoming due.

2. SAME—*when second foreclosure may be had without redemption.* If the assignee of an interest coupon agrees that the lien thereof shall be subject to the mortgage lien securing the principal note and also to all interest coupons subsequently becoming due, an assignee of an interest coupon subsequently becoming due, may have foreclosure without redeeming from the foreclosure had on the former interest coupon.

3. SAME—*assignee of mortgage takes subject to defenses.* The assignee of a note secured by mortgage becomes invested with an equitable right to the benefit of the lien of the mortgage; but such right is subject to all the infirmities to which it was liable while the note remained the property of the assignor.

4. PLEADING—*second mortgagee may participate in proceeds of sale without filing a cross-bill.* It is not essential to the right of a second mortgagee to participate in the surplus of the proceeds of the foreclosure sale under the senior lien, that such relief be asked by cross-bill, since it is sufficient if claimed by the answer.

5. JUDGMENTS AND DECREES—*decree should protect right of second mortgagee to participate in surplus.* If the master's report in foreclosure recites, in detail, findings relative to the execution of a note and second mortgage, and finds the amount due the second mortgagee and declares a lien in her favor, the decree, which approves and confirms the report "in all respects," should declare the facts so found in the master's report, in order to protect the right of the second mortgagee to participate in the surplus, if any.

6. COSTS—*apportionment of costs on partial reversal is discretionary.* The apportionment of costs in case of partial reversal is within the discretion of the court.

*Romberg v. McCormick, 95 Ill. App. 309, reversed in part.*

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

ELIJAH N. ZOLINE, for appellant.

WILSON, MOORE & McILVAINE, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The Appellate Court for the First District affirmed the decree of the superior court of Cook county awarding appellee, McCormick, a decree of foreclosure, and a further appeal has been perfected to this court.

Hannah Silverman, and Lazarus, her husband, on the 19th day of February, 1896, executed their mortgage, in the nature of a trust deed, to Eugene K. Butler, as trustee, whereby they mortgaged certain real estate in the city of Chicago to secure the payment of their note to the McCormick Harvesting Machine Company in the sum of $200,000, due in seven years thereafter, bearing interest at the rate of five per centum per annum, payable annually, the annual interest being evidenced by seven coupon notes, each for the sum of $10,000. The coupon note for $10,000 for the annual interest which fell due on the principal note on the 19th day of February, 1898, was not paid by the makers, and on the first day of April, 1898, one Harold McCormick purchased it from the said McCormick Harvesting Machine Company, with an express agreement then entered into by said seller and buyer that "the lien of the said coupon so purchased by said buyer should be subject to the lien of said trust deed to secure the said principal note and all interest accruing thereon subsequent to the maturity of said interest coupon, and all other charges arising under the provisions of said deed of trust." Said Harold McCormick, on a bill filed for the purpose, was granted a decree foreclosing the mortgage to obtain the payment of said $10,000 coupon note by him owned. This decree, in pursuance of the express agreement entered into by and between said Harold McCormick and said McCormick Harvesting Machine Company, declared a lien, by virtue of the mort-

gage, on the mortgaged premises, in favor of the said coupon note for $10,000 held by said Harold McCormick, subject to the lien of the said trust deed or mortgage, "to secure the principal note of $200,000, and interest thereon since February 19, 1898, as in said trust deed described, and to all other charges arising under the provisions of said trust deed;" and the decree further declared, "that the rights and interests of the defendants to this cause are subordinate and subject to the lien of said trust deed upon said premises as security for the amounts herein found due said complainant." The decree ordered the mortgaged premises to be sold by the master in discharge of the lien so declared by the decree in favor of said Harold McCormick. Under this decree the mortgaged premises were sold by the master in chancery to said Harold McCormick on the 27th day of March, 1899.

The third coupon interest note of $10,000, for the interest which fell due on the 19th day of February, 1899, on said note for $200,000, was not paid by the makers. It was purchased by the appellee, who, as a part of such purchase, also agreed that the lien of the coupon note should be subject to the lien of the trust deed to said trustee, Butler, to secure the principal and all interest accruing thereon subsequent to the maturity of said interest coupon note so purchased by him. Appellee filed a bill in chancery to foreclose the mortgage or trust deed so far as he was interested therein as the holder of said interest coupon note, subject, however, to the rights of the holder of the said principal note and of the interest coupon notes subsequently to mature. A decree was entered declaring a valid lien upon the mortgaged premises for the amount due the appellee upon said coupon note, "subject only to the lien of the trust deed to secure the principal note for two hundred thousand dollars ($200,000), and interest thereon since February 19, 1899, as in said trust deed described, and to all other charges arising under the provisions of said trust deed, and that

the rights and interests of the defendants in this cause in and to said premises are subordinate and subject to the lien of said trust deed upon said premises as security for the amounts herein found due the complainant," and ordered the mortgaged premises to be sold to discharge such lien.

On the 20th day of February, 1896, being the day following the execution of the said mortgage or trust deed to Edward K. Butler to secure said note for $200,000 and the interest coupons attached thereto, said mortgagors, Hannah Silverman, and Lazarus, her husband, executed to Edward O. Brown a second mortgage or deed of trust on the same premises to secure a promissory note in the sum of $75,000, together with three interest coupon notes to the principal note attached, each in the sum of $3750, being for the annual interest on the said principal note for $75,000. The note intended to be secured by this second mortgage was assigned and delivered to the First National Bank of Chicago, and the said bank, being the holder of said note when the bill to foreclose the prior trust deed was filed by Harold McCormick, was made a defendant to the said bill and the decree rendered thereon. That decree was affirmed, on appeal, by the Appellate Court, (*Silverman* v. *McCormick,* 90 Ill. App. 120,) and by this court on a writ or error to the said Appellate Court. (*Silverman* v. *Silverman,* 189 Ill. 394.) The appellant subsequently became the owner of the said $75,000 note so secured by the said second deed of trust, and, as such owner, was made a party defendant to the bill filed by the appellee, Stanley McCormick. She prosecuted an appeal from the decree rendered on the bill filed by the appellee, and from an adverse decision of the Appellate Court for the First District has prosecuted this her further appeal to this court.

Appellant's contention is, that the said $200,000 note and the said coupon notes, each for the sum of $10,000, for the annual interest upon the said $200,000 note, have

priority of liens in the order in which they respectively mature for payment, as they would if each note was secured by a separate mortgage; that the $10,000 note of which Harold McCormick became the owner constituted a prior lien to the note, in the same amount, of which Stanley McCormick became the owner, and that the security of said Stanley McCormick was on the equity of redemption remaining in the mortgage; that the foreclosure of the mortgage by Harold McCormick and sale of the mortgaged premises by virtue of the decree rendered in his favor, under the rule laid down by this court in *Rose* v. *Walk*, 149 Ill. 60, left nothing remaining in the mortgagor but the equity of redemption under the statute, and that the lien to secure the note held by Stanley McCormick did not attach to such right of redemption, nor could such rights be decreed to be sold on foreclosure of his lien; that Stanley McCormick could only redeem from the sale made under the decree in favor of Harold McCormick, and then have foreclosure, and a decree that the premises be sold for the satisfaction of the amount due him, including the sum advanced to make the redemption; that such redemption was a condition precedent to the right of Stanley McCormick to have foreclosure, and that the court erred in granting the decree on the bill filed by said Stanley, the appellee.

Where several notes, falling due at different times, are secured by the same mortgage, the mortgagee or owner of the notes may stipulate with any one to whom he may assign one or more of the notes, that the notes which he shall retain shall have a preferred lien on the mortgaged premises. (*Walker* v. *Dement*, 42 Ill. 272; 1 Jones on Mortgages,—2d ed.—secs. 606, 822.) The decree entered upon the bill filed by Harold McCormick gave effect to the stipulation entered into between said Harold McCormick and said McCormick Harvesting Machine Company that the lien of the mortgage for the security of the note so sold to said Harold McCormick should be subordinate to

194—14

that existing for the security of the principal note and the interest coupon notes retained by the said McCormick Harvesting Machine Company.   One of the notes so retained was that afterwards sold to Stanley McCormick.

The note now owned by the appellant was, at the time of the rendition of the decree in favor of Harold McCormick, the property of the First National Bank of Chicago.   The bank was a party defendant to the bill filed by Harold McCormick and a party to the decree rendered thereon. The trustee in the trust deed to secure the note then held by the bank, being the same note now held by appellant, was also a party to the bill and to the decree.   That decree was affirmed by this court and became binding upon all the parties to it, including the bank and the said trustee.   The assignment of the note by the bank to the appellant invested her with the security of the mortgage as an equitable incident to the debt evidenced by the note.   The mortgage is not an assignable instrument, but the appellant, as the assignee of the note, by the operation of equitable principles became invested with an equitable right to the benefit of the lien of the mortgage for the security of the note. Her right to the security was equitable, and subject to all of the infirmities to which it was liable in the hands of the bank.   *Olds* v. *Cummings,* 31 Ill. 188; *Walker* v. *Dement, supra; Bryant* v. *Vix,* 83 Ill. 11; *Sanford* v. *Kane,* 133 id. 199.

The decree entered on the bill of foreclosure by Harold McCormick established that the note held by him was secondary, in point of priority of lien, to that sought to be foreclosed by Stanley McCormick in the proceeding at bar.   The last mentioned lien, that in favor of appellee, being the prior lien, the appellee was, of course, not required to redeem from the sale under a junior lien. Moreover, as the lien of the mortgage securing the note owned by the appellant is secondary to that of the lien in favor of each and all of the notes secured by the trust deed or mortgage here sought to be foreclosed, counsel

for appellant has not made it clear to us that appellant is or could be prejudiced by any stipulation changing the order of the priority of the liens for the security of either of the interest coupon notes in question. The court properly ruled the appellee was not required to redeem from the sale made under the decree entered in favor of Harold McCormick.

The further complaint of the appellant, that the decree fails to protect her rights, is not entirely groundless. The appellant filed an answer to appellee's bill for foreclosure, in which she set up, in detail, the execution of the trust deed by said Hannah and Lazarus Silverman to E. O. Brown, trustee, to secure said note for $75,000 held and owned by her, and also that said mortgage was duly recorded, giving the date of filing the same for record. The answer averred that said mortgage or trust deed was a lien upon the mortgaged premises for the security of the note so held by her. Upon the hearing before the master she produced in evidence the note, the unpaid coupon notes attached thereto,—all of which were past due and unpaid at the time of the filing of the bill herein,—and also the mortgage or trust deed to E. O. Brown, trustee, to secure the same. The master, in his report, recited findings, in detail, as to this note and the mortgage securing it, and a finding that there was due and owing to appellant thereon the sum of $90,681.74, and that appellant had a lien upon the premises for the security of the amount so found to be due her. There was no objection or exception to such findings of the master. The decree entered on the report of the master ordered that the report of the master "shall be and is in all respects approved and confirmed," finds and recites the amount due the appellee, declares the priority of his lien and orders that the mortgaged premises be sold by the master, and that out of the proceeds of the sale the costs and the amount so found due the appellee shall be paid, and that the surplus, if any, shall be held subject

to the further order of the court. The decree contains no finding of the amount due the appellant or any finding whatever as to her rights, interest or lien in the matter. It was not essential to her right to participate in the surplus of the proceeds of the sale she should have asked that relief by way of a cross-bill. An answer is sufficient for that purpose. (*Blatchford* v. *Blanchard*, 160 Ill. 115.) The decree should have judicially determined and declared the amount due appellant, and recited the facts with reference to the execution of the note held by her and of the mortgage or trust deed given to secure it. These matters can be ascertained by reference to the master's report, but there should be a judicial determination thereof by the court in order that the rights of the appellant to participate in the surplus of the proceeds of the sale, if any, may be protected.

In order this omission in the decree may be corrected in the trial court we will reverse the decree to that extent and remand the cause, with directions to the court to enter a decree in that respect as herein indicated. In all other respects the decree is affirmed.

Though the decree be in part affirmed and reversed in part, yet it is not imperative upon us to apportion the costs. The apportionment of costs in case of a partial reversal is within the discretion of the court. (*Moore* v. *People*, 108 Ill. 484.) We reverse in order the decree may be so framed that it will affirmatively show that which might be otherwise ascertained by reference to the report of the master, which report is by the decree approved. There is no reason costs should be taxed against the appellee because of this omission in the decree.

*Affirmed in part and remanded, with directions.*