## Augusta Jackson v. Gustave Adolph Grosser.

### Gen. No. 12,019.

1. TRUST DEED—*right to postpone lien of, by agreement.* The holders of notes secured by trust deed may, without the consent of the maker thereof, postpone the lien thereof to another and otherwise subsequent lien.

2. DECREE—*limit of rule as to duty of party to preserve evidence supporting.* The rule that it is the duty of the party in whose favor a decree granting relief is rendered to preserve the evidence, does not mean that when evidence has been produced and filed and is referred to in the master's report as an exhibit and returned to the court, it is not the duty of the appellant when bringing up a transcript of the record to see to it that such transcript is complete, or at least to make and show some effort to cause it to be so; that is a matter pertaining to the completeness of the record which is the appellant's concern, rather than to the preservation of evidence, which is the appellee's.

Foreclosure proceeding. Appeal from the Superior Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed July 3, 1905.

HARRISON D. PAUL and WILLIAM SCHULZE, for appellant.

WELLS & BLAKELEY, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a foreclosure decree of the Circuit Court of Cook county ordering the sale of certain real estate in Cook county by a master in chancery, primarily to satisfy an amount (fixed at $2,896.10) with interest from the date of the decree, found by the decree to be due the appellee, Gustave Adolph Grosser, and also the costs of suit (taxed at $114).

The decree provides that if after paying all costs the pro-

ceeds of the sale be not sufficient to pay said Gustave Adolph
Grosser the sum found due to him, the master shall apply
them as far as they will reach to that end and report the
deficiency, and that if there be a surplus the master shall
bring it into court to abide a further order, all questions as
to who is entitled to such surplus being reserved until the
coming in of the same. It is by the decree also ordered
that the rights and liens in said premises of the defendant
August Grosser and the defendant Augusta Jackson as be-
tween themselves be reserved for the further consideration
and adjudication of the court, without prejudice to the
rights and remedies of the complainants in the cause found
and provided for in the decree.

The appellant is a judgment creditor of one Arcadius
Budda, who when the bill was filed was the record owner
of the premises involved, subject to various mortgage liens
hereafter to be noted, one of which liens had already gone
to a sale and a master's certificate. The appellant held
against Budda a judgment recovered in the Circuit Court
of Cook county for $2,133 and costs, and as such judgment
creditor she had at the time the bill was filed already re-
deemed from the sale above alluded to and levied an execu-
tion on the interest of Budda in the premises.

On the day following the filing of the original bill in this
case (December 3, 1901) the sheriff sold the premises under
said execution to the appellant, and by deed dated Decem-
ber 9, 1901, conveyed them to her.

Appellant insists here that the court below erred in
entering the decree appealed from, because her rights in the
property involved were superior to those of the appellee,
Gustave Adolph Grosser, for the payment of whose lien it
was ordered sold by said decree; and also urges upon us
the reversal of the decree because there is not sufficient evi-
dence preserved in the record to sustain it.

The circumstances out of which her contention springs
are these: Robert Grosser and wife made the trust deed
foreclosed by this decree to H. A. Haugan as trustee April
8, 1895. It was made to secure two principal notes of the

same date, one for $2,500 due five years after date, and one for $500 due one year after date, with various interest coupons on the $2,500 note. The notes were both delivered to the State Bank of Chicago for money advanced by or through that bank to the aggregate amount of $3,000, upon a loan to Robert Grosser. Afterward, on April 20, 1896, to secure another loan from one Louise Grosser, Robert Grosser and wife made another note to the order of Louise Grosser for $1,004, due on or before five years from date, and a trust deed on the same property to one August Grosser to secure it. Neither principal nor interest being paid for some years on this second mortgage incumbrance, August Grosser, who had become the holder of the note for $1,004, given to Louise Grosser, as well as the trustee in the trust deed securing it, had a negotiation with the State Bank, by which he purchased the $500 note, on an agreement with the bank that the lien of said note should be subordinate to that of the $2,500 note retained by the bank, and that he would pay the interest on the $2,500 note for two years to come, giving coupons therefor.

There is a question made by the appellant concerning these facts and the evidence showing them, but we have no doubt of their existence.

The object on the part of the bank in making the arrangement was apparently to lessen the amount of their loan and thus increase their security; that of August Grosser to be able to carry his interest in the property without the necessity of raising the full amount of the then existing prior incumbrance of $3,000, and perhaps to secure some possible advantage as to judgment creditors or otherwise, which a title derived under foreclosure of the first mortgage might have over one under the second. Having purchased the $500 note, at all events, August Grosser commenced foreclosure proceedings under the directions of the State Bank's solicitors, it being a part of the arrangement that they should have control of the suit. To this suit Robert Grosser and wife, one Steen and wife, Haugan, the trustee in the $3,000 trust deed, and Lindgren, the successor in trust,

August Grosser, the trustee in the $1,004 trust deed, and Miller, the successor in said deed named, Le Fever, Brillow, Munson, Schlainvoight, Glattacker, Albertson, Balder and Jones were made parties defendant, the bill alleging as to all these last that they claimed to have some interest in the mortgaged premises as mortgagee, lienor, judgment creditor, tenant or otherwise, but that such interests, if they existed, were subject to and inferior to the rights and lien of August Grosser, the complainant. This suit came to a decree by which it was adjudged that there was due to Grosser on the $500 note $605.91, with certain interest and costs, including a solicitor's fee of $100 and $1,255.50, with certain interest on the $1,004 note, and ordered that the premises should be sold to satisfy these amounts, the sale to be made "subject to the continuing lien of the trust deed dated April 8, 1895, for the security of a note for a principal sum of $2,500 secured thereby, and any other amount that might be due or might thereafter accrue under said trust deed other and in addition to the amount thus found due to the complainant, August Grosser."

Counsel for appellant recite as facts in the cause (although the report of sale and distribution is absent from the transcript) that the master sold the premises under this decree August 26, 1900, that there was a deficiency on the "first mortgage interest" of $100, and that a receiver was appointed by the court to collect rents and pay the deficiency decree; that this deficiency decree was paid in full by September 6, 1900, and satisfied of record; that on September 10 the receiver was ordered to pay and did pay to August Grosser $385.44 on account of the $1,255.50 found due to him on the second mortgage interest.

The time of redemption from this sale would have expired on November 20, 1901. On November 15, 1901, Augusta Jackson, the appellant, as before noted, in pursuance of her rights as a judgment creditor of Budda, who had become the holder of the equity of redemption and against whom she had obtained a judgment on November 4, 1901, redeemed the premises in accordance with the

statute, by paying the sheriff the amount for which they had been sold, with interest at 6 per cent, amounting in all to $740.67. Thereupon the sheriff levied her execution on the premises, and as indicated hereinbefore, after the filing of her original bill in this cause, sold and conveyed them to her, she bidding therefor $745.55, being the amount of the redemption money, interest and costs, and no greater bid being made.

In the cause at bar the master to whom it was referred reported, in substance, the facts heretofore stated and found that said complainant had a valid and subsisting lien on said premises to the extent of $2,500, and interest thereon from October 8, 1901, secured by the trust deed to Helge A. Haugan, prior, paramount and superior to the right of said Augusta Jackson, and that said indebtedness had not been satisfied by virtue of the filing of the bill to foreclose said trust deed in case general number 207,339, the decree of sale therein, the sale thereunder or the redemption by said Augusta Jackson and the sale by the sheriff of said Cook county to said Augusta Jackson, but on the contrary that said bill of complaint in case No. 207,339 was filed, the decree of sale therein was entered, and the sale thereunder was had subject to the continuing lien of said trust deed to Helge A. Haugan, and that the legal holder and owner of said note for $2,500 was not a party to said proceedings. But the master also found that at the time of the filing of the bill of complaint herein, no default had been made so far as the complainant herein was concerned in the payment of the indebtedness secured by said trust deed to Haugan, and that there was no breach so far as the complainant herein was concerned of any of the covenants and agreements in said trust deed contained, and therefore that the bill of complaint was prematurely filed, and recommended that it be dismissed at complainant's costs without prejudice.

To this report the complainants (Gustave A. Grosser and the Trustee Haugan) filed objections, and so also did the defendant August Grosser and the defendant Augusta Jackson, respectively, all which objections being overruled

by the master were afterwards ordered by the court to stand as exceptions. On the hearing before the Chancellor the exceptions of the complainants were all sustained, and those of the defendants August Grosser and Augusta Jackson respectively were all overruled, and the decree first above recited and appealed from entered.

The exceptions of the complainants were directed to the findings that there had been no default and that the suit was prematurely brought, and to a finding that in and by the foreclosure sale to August Grosser and the redemption therefrom by Augusta Jackson and the sheriff's deed to Augusta Jackson, the trust deed securing the note for $1,004 and interest thereon, had been cut off and was not a lien upon said premises, "for the reason that the question determined by the finding is an issue between the defendant August Grosser and Augusta Jackson, and not germane to the issue between the complainant and defendant."     .

The sustaining of these exceptions is not assigned as error by appellant here, and although it is assigned as error by her that the court did not find that the suit was prematurely brought, the assignment is not argued by her and may be dismissed from consideration. The exceptions of the defendant August Grosser were directed to the same finding concerning the $1,004 note, and are not in issue in this appeal.

The exceptions of the defendant and appellant Augusta Jackson raise the question as to whether by the foreclosure of the $500 note by August Grosser, the sale thereunder to August Grosser, the redemption therefrom by Augusta Jackson, and the sheriff's deed to Augusta Jackson, the lien to secure the $2,500 note was cut off.

The exceptions also allege that the master admitted improper evidence and excluded proper evidence in the hearing before him, and that he should have found that August Grosser, the complainant in the foreclosure of the trust deed for the $500 note, was also at the time of said foreclosure the owner of the $2,500 note secured by the same

trust deed, and the assignments of error cover the same matters.

The position that the $2,500 note at the time of the foreclosure of the $500 note secured by the same trust deed to Haugan belonged to August Grosser, and should therefore have been included in the suit by him, we do not, as we have before indicated, think is supported by the evidence. There is undoubtedly confusion introduced into the record by some of the testimony, especially that of August Grosser, but we think that the general purport of the testimony and documentary evidence amply warranted the finding of the master and the court to the contrary, and we do not think that a discussion of it is necessary.

The only real question on the merits arises on the legal validity of the arrangement which, like the master and the court below, we find was made between the State Bank and August Grosser, postponing the lien of the $500 note purchased by Grosser from the bank, to the lien of the $2,500 note which the bank retained. This arrangement was made without the consent or, so far as appears, the knowledge of the maker of the notes or holder of the equity, and it is insisted by the appellant that it was not competent for the holders of the notes to make it. We do not agree with this contention. The cases cited to sustain it can all be distinguished, and their language is to be construed as applied to the facts of the particular cases. But we deem Walker v. Dement, 42 Ill., 272, and Romberg v. McCormick, 194 Ill., 205, to be precisely in point as establishing the contrary doctrine, which seems to us also on principle equitable and reasonable. We cannot see how the rights of the maker of the notes or of the holder of the equity are disturbed by such an arrangement between the parties holding acknowledged superior mortgage rights over the property, by their agreement as to priority between themselves.

The appellant as redemptioner from the first foreclosure sale was only subrogated to the rights of August Grosser, and those had been fixed, so far as the $2,500 note was concerned, by his own contract, and were declared and de-

24

termined also by the decree in the first foreclosure. As the assignee of Budda's rights by the sheriff's deed, appellant took his rights as they were derived from his predecessors in title, and they were not affected by a change in priority between notes, which it cannot be denied were both secured by superior claims on the premises.

The appellant vigorously insists that the evidence preserved in the record is insufficient to support the decree, because certain exhibits certified by the master to have been produced before him and returned by him to the court with his report, are not found in the transcript. The contention is not meritorious. As to the principal defect noted—the absence of the $2,500 note of Robert Grosser—this court, after the filing of the briefs, allowed the filing of a supplementary transcript which contains it. But the absence of any of these exhibits from the transcript would not affect our judgment here under the circumstances of this case. The rule that it is the duty of the party in favor of whom a decree granting relief is rendered to preserve the evidence, does not mean that when evidence has been produced and filed and is referred to in the master's report as an exhibit and returned to court, it is not the duty of an appellant when bringing up a transcript of the record to see to it that such transcript is complete, or at least to make and show some effort to cause it to be so. That is a matter pertaining to the completeness of the record which is the appellant's concern, rather than to the preservation of evidence, which is the appellee's. See Snell v. DeLand, 138 Ill., 55, and Silverman v. Silverman, 189 Ill., 394, in which case the Supreme Court says of an objection similar to that of appellant here, that it "is too technical to merit serious consideration."

We think there is no other of the appellant's contentions which needs discussion. The decree of the Circuit Court is affirmed.

*Affirmed.*