(No. 15497.—Reversed and remanded.)
JANE CRONK *et al.* Plaintiffs in Error, *vs.* HENRY C.
GIESEKE, Defendant in Error.

*Opinion filed February 17, 1925.*

1. JUDGMENTS AND DECREES—*entire record may be examined to
determine whether judgment is responsive.*   Where there is any
doubt in regard to the signification of a judgment, or any part
thereof, in referring to the parties plaintiff or defendant the whole
record may be examined for the purpose of removing the doubt.

2. SAME—*when verdict and judgment are sufficiently responsive
as to parties plaintiff.*   Where the *præcipe* and declaration contain
the names of a widow and her three minor children, (suing by her
as next friend,) as parties plaintiff, a verdict and judgment find-
ing the defendant guilty and assessing "the plaintiff's damages"
are sufficiently responsive, although the judgment further recites
that the "plaintiff" do recover "her" said damages, together with ·
"her" costs and charges.

3. DRAM-SHOPS—*when plaintiff is not guilty of laches in filing
bill to collect judgment under section 9 of Dram-shop act.*   Where
the trial of a suit at law under section 9 of the Dram-shop act of
1874 is pending for seven years and the delay is without the fault
of the plaintiff, the plaintiff is not guilty of *laches* where, within
two years after the judgment was obtained, she files a bill under
section 10 of the act to subject the premises of defendant's land-
lord to sale to satisfy her judgment.

4. SAME—*when bill under section 10 of the Dram-shop act is
sufficient.*   A bill, under section 10 of the Dram-shop act, to sub-
ject premises of the defendant to the payment of a judgment ob-
tained under section 9 of the act need not show that the judgment
was not appealed from, but it is sufficient if it shows that there
was a trial on the merits and that the judgment has not been paid.

WRIT OF ERROR to the First Division of the Appellate
Court for the First District;—heard in that court on ap-
peal from the Circuit Court of Cook county; the Hon.
IRA RYNER, Judge, presiding.

WILLIAM C. DUNN, and SAMUEL W. NORTON, for
plaintiffs in error.

315—27

Rathje & Connor, (C. H. Sippel, and Edwin D. Lawlor, of counsel,) for defendant in error.

Mr. Chief Justice Duncan delivered the opinion of the court:

The plaintiffs in error, Jane Cronk, widow, and David, George and Edwin Cronk, the minor children of William Cronk, deceased, filed their amended bill in chancery in the circuit court of Cook county against the defendant in error, Henry C. Gieseke, under section 10 of the Dram-shop act of 1874, to subject certain property owned by him to sale to satisfy a judgment for the sum of $5000 obtained by plaintiffs in error against Louis Rickert in the circuit court of Cook county in a suit at law under section 9 of the act for injury to their means of support because of sales of intoxicating liquors in the saloon of Rickert, on the premises owned by defendant in error, to William Cronk, the husband and father of plaintiffs in error. The bill described the premises in which the saloon of Rickert was conducted and averred that it was occupied, at the time of the sales of the intoxicating liquors to Cronk by Rickert, under a lease from defendant in error, and that defendant in error knowingly permitted the building to be occupied and used for such purposes at that time.

From the bill it appears that the suit was commenced by plaintiffs in error against Louis Rickert and the United States Brewing Company as defendants on April 4, 1913. The case was dismissed as to the brewing company. In the *præcipe* filed in that case the cause is entitled, "Jane Cronk, and David Cronk, George Cronk and Edwin Cronk, minors, who sue by their mother and next friend, Jane Cronk, plaintiffs, *vs.* Louis Rickert and United States Brewing Company, defendants," and it was filed on the date aforesaid. Summons was duly issued, and it was served upon Rickert by reading the same to him, and at the same time deliver-

ing to him a copy thereof, on April 22, 1913, by the sheriff of said county.

The declaration was filed May 12, 1913, and the parties, plaintiffs and defendants, named in the declaration are the same as named in the *præcipe.* It is alleged in the declaration that Rickert on April 4, 1913, and for a period of one year preceding said date, in Cook county, conducted a dram-shop in the property and building commonly known as 1528 North Paulina street, in Chicago, (the property owned by Gieseke and sought to be impressed with a lien as aforesaid,) and that the property was then and there leased and rented for a period of one year by the brewing company, who then and there knowingly permitted the dram-shop to be conducted in the building; that on said date, and for several years prior thereto, Jane Cronk was the wife of William Cronk, and David, George and Edwin Cronk were minor children of William and Jane Cronk; that prior to said date William Cronk properly supported and maintained the plaintiffs; that on April 4, 1913, and on divers times prior thereto, Rickert at said dram-shop sold and gave intoxicating liquors to Cronk, which in whole or in part caused him, during the period aforesaid, to be and become habitually intoxicated, and in consequence of such habitual intoxication he willfully squandered his money and failed and neglected to support plaintiffs, and that by reason of these facts plaintiffs have sustained damages to their means of support in the sum of $10,000, etc.

Rickert filed a plea of not guilty, and in that plea described the plaintiffs as Jane Cronk, and David, George and Edward Cronk, minors, by Jane Cronk, their next friend, and the defendants as Louis Rickert and the brewing company. The law suit was tried March 8, 1920, on the issues formed by the declaration and the plea. The jury signed and returned the following verdict: "We, the jury, find the issues for the plaintiff and assess the plaintiff's damages at the sum of five thousand ($5000) dollars." The court

thereupon entered judgment on the verdict against Rickert and in favor of the plaintiffs.

The judgment as written up by the clerk of the court described the parties to the suit as Jane Cronk, David Cronk, George Cronk and Edwin Cronk, by Jane Cronk their next friend, against Louis Rickert. The judgment then follows in this language: "This cause being called for trial *ex parte,* comes the plaintiff to this suit by her attorney, and issue being joined herein, it is ordered that the jury come; whereupon come the jurors of a jury of good and lawful men, to-wit: [names of jurors follow,] who being duly selected, tried and sworn well and truly to try the issues joined herein and a true verdict render according to the evidence, after hearing all the evidence adduced, say: 'We, the jury, find the defendant guilty and assess the plaintiff's damages at the sum of five thousand ($5000) dollars.' Therefore it is considered by the court that the plaintiff do have and recover of and from the defendant her said damages of five thousand ($5000) dollars in form as aforesaid by the jury assessed, together with her costs and charges in this behalf expended, and have execution therefor."

In addition to the foregoing facts the bill alleges that on April 4, 1913, and at all times prior thereto mentioned in the declaration, Henry C. Gieseke was, and is now, the owner of the premises aforesaid, and that during all the time while they were occupied by Rickert for a saloon and dram-shop they were knowingly leased by him and knowingly permitted by him to be used and conducted as a saloon and dram-shop; that the judgment in the suit at law has not been paid or any part of the same, and that the premises are liable, under the statute, to be sold by order and direction of the chancellor for the payment of the judgment and costs in this suit.

There was a demurrer filed by the defendant to the bill, which the court sustained and entered a decree dismissing the bill for want of equity. On appeal to the Appellate

Court for the First District the decree of the circuit court
was affirmed. This court allowed a writ of *certiorari.*

The principal question in the case is whether or not the
judgment in the law case is so vague and indefinite as to
the parties in favor of whom it is entered as to render it
a void judgment. In determining this question we will be
permitted to follow the well established rule laid down in
Freeman on Judgments, (vol. 1, 4th ed. sec. 45,) which is
as follows: "If the entry of the judgment is so obscure as
not to express the final determination with sufficient accu-
racy, reference may be had to the pleadings and to the en-
tire record. If, with the light thrown upon it by them, its
obscurity is dispelled and its intended significance made ap-
parent, it will be upheld and carried into effect." It is fur-
ther stated in the same section by the author that in case of
doubt regarding the signification of a judgment, or any part
thereof, the whole record may be examined for the purpose
of removing the doubt. If the judgment purports to be
against the defendants, without naming them, only one of
them will be bound if it appears from the context that only
he was meant, or from the return of the service or process
that only he was brought within the jurisdiction of the
court. On the other hand, though the word "defendant" is
written in the body of the judgment, it will be construed as
referring to and including all the defendants named in the
caption. This court has applied these same rules as to de-
crees in chancery. *Hofferbert* v. *Klinkhardt,* 58 Ill. 450.

This court has also recognized the foregoing rules with
reference to judgments. In *Daft* v. *Drew,* 40 Ill. App. 266,
the complaint against the judgment was that it was not sup-
ported by the verdict, which was: "We, the jury, find the
issues for the plaintiff and assess his damages at $112.40."
The Appellate Court said that as to irregular and informal
verdicts the rule is, that if by looking into the record the
verdict can be seen to be responsive it will be sustained. On
looking into the record the Appellate Court found that there

were two parties plaintiff, and held that there was no uncertainty about the verdict and that the judgment was properly rendered for both plaintiffs. In the case of *Bacon* v. *Schepflin*, 185 Ill. 122, the verdict of the jury was that they found the issues for the "defendant," and the claim was that as there was more than one defendant the verdict did not dispose of the issues as to all of the defendants, and for that reason did not authorize the entry of a judgment. This court expressly in that case approved the doctrine laid down by the Appellate Court in the case above cited, and on examination of the entire record found that the verdict was responsive and that the judgment entered against the defendant should be interpreted as a judgment against the defendants.

In the case now before us the verdict of the jury was responsive under the rules above laid down and the judgment was entered on the verdict in favor of the plaintiff. It should have been entered for the plaintiffs, for the reason that an examination of the entire record shows that that was the verdict found by the jury and ordered to be entered by the court, but the clerk failed to follow the directions of the court and entered a judgment in favor of the plaintiff, which under the foregoing rule is to be held as a judgment in favor of the plaintiffs. The suit at law in this case was a joint suit by the wife and the minor children of the wife and her husband as plaintiffs. Any evidence that would support a judgment as to the wife or any one of the plaintiffs would necessarily, under the averments in the declaration, sustain it as to all of them, because if any one of them was injured in his means of support all of them were.

The defendant in error contends that by the use of the pronoun "her" in the judgment it is a judgment in favor of the wife alone if it is a judgment for any of the plaintiffs. Under the rule laid down by this court in *Helmuth* v. *Bell,* 150 Ill. 263, the pronoun "her" may be regarded

as surplusage wherever it occurs in the judgment. After such elimination the word "plaintiff" may be read or considered as referring to the parties in the title of the judgment, who are the plaintiffs in the suit.

It is contended by defendant in error that under section 9 of the Dram-shop act the plaintiffs had no joint right of action, and that, even if they had such joint right, the mere fact that they were joined as plaintiffs and averred a joint loss would be no evidence that the judgment should be in favor of all of the plaintiffs. This contention cannot be maintained for the reason already given, that any evidence that would support a verdict for a loss of support as to one of the plaintiffs would necessarily show a loss of support as to all of them. This contention is disposed of by the holding in the *Helmuth case,* above cited, which was also a suit under section 9 of the Dram-shop act, wherein it was held that where the defendant elected to plead to the action brought jointly in favor of the parties, he thereby waived any right to complain that they had no such right of action.

Plaintiffs in error are not guilty of *laches* in the prosecution of this suit. The section of the statute under which the suit is prosecuted provides that suit cannot be commenced until a judgment has been obtained under section 9 of the act. This proceeding is upon the judgment after it was obtained, and as it could not have been begun until the judgment in the law suit had been obtained there is no ground for the claim of *laches* by defendant in error, because the law suit was pending in the circuit court about seven years before judgment was obtained. There is no showing in the record that the delay of the trial in the law suit was on account of the fault of the plaintiffs.

The bill is not rendered bad because it fails to show that the judgment at law was not appealed from or reversed or that it is in full force and effect. The bill does show that there was a trial upon the merits and that the judgment had

not been paid or any part of it. Section 10 of the statute expressly provides that proceedings may be had to subject the premises to the payment of any judgment recovered, and which, or any part thereof, remains unpaid, either be- fore or after execution shall issue against the property of the person against whom such judgment was obtained. The bill should be sustained under the statute and under the de- cision of this court in *Garrity* v. *Eiger, 272* Ill. 127, and the court erred in sustaining a demurrer to it.

The judgment of the Appellate Court and the decree of the circuit court are reversed and the cause is remanded to the latter court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*