Henry Tasker, J.
Action for personal injuries and property damage. Plaintiffs move pursuant to CPLR 3211 (subds. [b], [c]) to dismiss defendant’s affirmative defense of improper service of the summons and complaint.
The accident occurred- on June 15, 1962; plaintiffs allegedly served a summons and complaint on defendant on April 1, 1965. Defendant’s attorneys appeared and obtained an extension of time to answer to May 13, 1965, and then to June 14, 1965. An answer containing the affirmative defense in question, dated June 14, 1965 was received by plaintiffs’ attorney on June 16, 1965 (see CPLR 214, subds. 4, 5). Prompt resolution of the jurisdictional issue is indicated (Hammond v. Hammond, 9 A D 2d 615).
Attached to the moving papers is an affidavit of service, made by one Philip Bialo, showing delivery of the summons and complaint to defendant on April 1, 1965 at 360 East 72d Street, New York, N. Y. Defendant’s papers in opposition hereon contain averments that on April 2, 1965, at her residence, apartment No. C-2202, 360 East 72d Street, New York, a copy of the summons and complaint in the action was delivered to her by one Nicolai Velandia, the janitor of the apartment house. The affidavits of defendant and of said Nicolai Velandia go on to state that the janitor found the copy of the summons and complaint in an empty apartment, No. C-2205 on April 2, 1965, and that since he knew the defendant, he delivered them to her. As stated, she has appeared in this action and served an answer.
CPLR 308 (subd. 1) specifies the manner of personal service of a summons upon a natural person, to wit, by delivering the summons within the State to the person to be served. Ignoring plaintiffs’ proof of service and assuming the truth of defendant’s averments, the answering affidavits on this motion unequivocally establish delivery of the summons and complaint to defendant by said Nicolai Velandia who is not a party (CPLR 2103, subd. [a]) on April 2, 1965. Although service may not have been effectuated as intended by plaintiffs, it was sufficient (Marcy v. Woodin, 18 A D 2d 944; Bleil v. Clark, N. Y. L. J., March 31, 1964, p. 16, col. 3). Motion granted.