Edward J. Greenfield, J.
CPLR 308 (subd. 1) requires personal service to be made by delivery of the summons to the person to be served. Plaintiff contends that when the summons and complaint for the defendant Hasso were left at his office with Mr. and Mrs. Savidge, his business associates, and they ultimately (several days later) turned them over to Hasso, the requirement of personal delivery was satisfied.
Mr. Savidge was himself named as a defendant, and of course, CPLR 2103 (subd. [a]) permits service of papers only by a “ person not a party ”. Would transmission of the papers by Mrs. Savidge, who was not a party, suffice to constitute personal delivery to Hasso ?
Delivery of the summons to a person other than the defendant for re-transmission may be sufficient, where the turning over *280 of the papers to the defendant “is so close both in time and space that it can be classified as part of the same act (Green v. Morningside Hgts. Housing Corp., 13 Misc 2d 124, 125 [Sup. Ct., N. Y. County, Steuer, J.], affd. 7 A D 2d 708 [1st Dept., 1958].) In that case the summons was handed to a receptionist who immediately passed it on to the person to be served. Similarly, in Buscher v. Ehrich (12 A D 2d 887), a delivery of a summons to the defendant’s husband, who barred the door while defendant stood eight feet away, was held to be effective service. (But, see, Ives v. Darling, 210 App. Div. 521.)
Where there has been no actual delivery of papers in the hands of a defendant who is actually present, something just short of putting it in his hands may be deemed the equivalent, for all practical purposes of actual delivery, and evasion and avoidance are effectively nullified. (See Matter of Barbara, 7 A D 2d 340; Chernick v. Rodriguez, 2 Misc 2d 891; Levine v. National Transp. Co., 204 Misc. 202, affd. 282 App. Div. 720.) The general rule is succinctly stated in Weinstein-Korn-Miller (N. Y. Civ. Prac., vol. 1, par. 308.03): “ Absent fraud and force by defendant to escape service he knows is being attempted, leaving process with a relative, friend, or assistant is not effective even though the defendant ultimately receives them from this source.”
However, some recent cases uphold service in exigent circumstances where there is neither attempted evasion nor immediacy of redelivery. In both Marcy v. Woodin (18 A D 2d 944) and Erale v. Edwards (47 Misc 2d 213), the court was influenced by the impending expiration of the Statute of Limitations, and redelivery of the summons was done promptly (but not immediately) by a third person who was not a party to the action. Paul v. Weiss (48 Misc 2d 683) is inconclusive, for while the contention was made that delivery of two copies of the summons on the defendant husband sufficed as service on the defendant wife, the court found no evidence of avoidance of service and no claim of actual delivery to the husband in the motion papers, and making no ruling on sufficiency of service, merely ordered a hearing.
In this ease there are no compelling circumstances to induce the court to depart from the rule that there must be either evasion or immediate redelivery, before service on a third person who passes on the papers to the defendant will be upheld. To bold otherwise would effectively nullify the distinction between subdivision 1 of CPLR 308, requiring actual delivery of the summons to the person to be served, and subdivision 3, permitting leaving the summons with a person of suitable age and discretion other than defendant, provided that due diligence to *281 effect personal service has heen unavailing and a copy has also been mailed. If delivery to anyone in the office who will turn over the papers will suffice, the safeguarding conditions of subdivision 3 would be superfluous.
There being in this case no evidence of evasion, no problem of the Statute of Limitations, and a lapse of several days before the papers were turned over to defendant Hasso by codefendant Savidge or his wife, the court finds defendant Hasso was not properly served. The traverse is sustained, and the judgment against him vacated.