Henry J. Latham, J.
In this negligence action arising out of a two-car collision on May 23,1963, plaintiff moves to confirm the report dated May 4, 1967, made by Honorable Samuel S. Tripp, the Special Referee of this court, and defendant moves to reject so much thereof as found that service was effected upon the defendant by delivery of the summons to him by his wife.
The question posed then is whether the delivery of a summons to the defendant by his wife, which was received in the mail earlier that day, constitutes valid service of process.
The learned Referee found that the process server did not, as attested to in his affidavit of service and orally before him, *859 deliver a copy of the summons in this action to the defendant personally on May 17, 1966, or at any other time; that earlier that day defendant’s wife found on the floor of the vestibule beneath the mail slot in the entrance door of their home a sealed envelope addressed to the defendant, postmarked Jamaica, N. Y., May 16, 1966, and, upon opening it, learned that it contained a copy of the summons in this action, which she delivered, together with the envelope, to her husband when he returned home after 5:00 p.m. that day. In recommending that the court find that the redelivery of the summons as aforesaid constitutes valid service the Referee stated as follows:
‘ ‘ Under somewhat similar circumstances, service of process was held ineffective in certain cases cited by the Appellate Division, Third Department, in Marcy v. Woodin (18 A D 2d 944). The Appellate Division in Marcy observed, however, that ‘ More recent decisions adhere less strictly to form and give greater recognition to reality ’. The court thereupon sustained service where a summons, mistakenly delivered to the son of the defendant, was redelivered by the son to his father, and this it did under the then provisions of Civil Practice Act (§ 225). _
_ “No similar case appears to have.been recently considered by the Appellate Division of the Second Department. It struck down, however, the service of a third-party summons and complaint that were left with a building receptionist who thereafter delivered them to the corporation’s sales manager. (McDonald v. Ames Supply Co., 27 A D 2d 559.) The rationale of that determination, however, seems to be that neither the receptionist nor the sales manager was authorized to receive service of process on behalf of the corporation within the purview of the statute governing personal service on corporations (CPLR 311, subd. 1).
‘ ‘ A case strikingly similar to the facts at bar came before Mr. Justice Tasker in the Suffolk County Supreme Court (Erale v. Edwards, 47 Misc 2d 213). Jurisdiction was sustained in that case notwithstanding that a process server left the summons and complaint in an empty apartment where they were found by the janitor of the apartment house and redelivered by him to the defendant, a tenant thereof. Commenting upon the foregoing type of service Professor Joseph M. McLaughlin stated, at page 109 of his 1966 Supplementary Practice Commentary to CPLR 308 (1966 Cum. Ann. Pocket Part, Book 7B, McKinney’s Cons. Laws of N. Y.): 1 It should not be sufficient in these cases simply to prove that the defendant did in fact get the notice to which he is constitutionally entitled, *860 since the very fact that he moves to set aside service is de facto proof that he received notice, and if that were the sole criterion, a motion to set aside service as improper could never be granted. More is required. There must he additional proof that the summons was actually redelivered to the defendant in the proper fashion. Placing this burden upon the plaintiff should serve to discourage those who would play fast and loose with the service statute.’ (Emphasis supplied.)
“ That burden was met by the plaintiff. Not only did Mrs. Staiber testify that she actually delivered the summons to the defendant personally when he returned home at about 5:00 p.m. on May 17, 1966, but he himself acknowledged having received it from her at that time.
“Both also admitted that this summons was taken and delivered to the defendant’s insurance broker the next day. In due course, the defendant, appearing by his attorneys, made the CPLR 3211 (subd. [a], par. 8) motion challenging the service claimed to have been made by the process server, but not the delivery of the summons to the defendant by his wife.
“ The simple mandate of CPLR 308 (subd. 1) is that service of process upon a natural person shall be made ‘ by delivering the summons within the state to the person to be served ’. This mandate was, in my opinion, satisfied here although not effectuated as originally intended by the plaintiff — through a professional process server. The fact that no affidavit of service was made by Mrs. Staiber is immaterial. Under similar circumstances it was held in Marcy (supra) that ‘ but of even greater force and solemnity was the proof of service adduced from the defendant, at the direction of Special Term, by oral testimony subjected to cross-examination ’. Here, such service was also attested to by Mrs. Staiber who quite frankly stated that she delivered the summons and the envelope to her husband, the defendant herein.
“Whether the Appellate Division of this Department will, as did the Third Department in Marcy, ‘ adhere less strictly to form and give greater recognition to reality ’ with regard to service of process must await its future consideration, perhaps in this very case. Certain it is, however, that in 1934, when that court was presented with the question of redelivery of a summons (Wiener v. Ravekes, 241 App. Div. 774) it held that service of process on ‘ the defendant’s husband under a promise that the husband would deliver the summons to his wife was not in compliance with the provisions of section 225 of the Civil Practice Act ’ (now CPLR 308, subd. 1).”
*861 The Referee’s findings are in all respects confirmed and adopted by the court, as is his recommendation that the delivery of the summons to the defendant by his wife be held to constitute valid service of process under all of the circumstances here presented.
This case is distinguishable on its facts from Miller v. Alda Corp. (53 Misc 2d 279). There the summons and complaint were left with the defendant’s business associates who delivered them to him several days later. Commenting on Marcy v. Woodin and Erale v. Edwards (supra), Judge Greenfield, of the Civil Court of the City of New York, stated (p. 280) that “ the court was influenced by the impending expiration of the Statute of Limitations, and redelivery of the summons was done promptly (but not immediately) by a third person who was not a party to the action ”; but that in the ease before him (Miller v. Alda) there were “ no compelling circumstances to induce the court to depart from the rule that there must be either evasion or immediate redelivery, before service on a third person who passes on the papers to the defendant will be upheld ” (p. 280).
In the instant case, however, a new action can no longer be commenced because of the bar of the Statute of Limitations. The process was delivered to the defendant on the day it was received by his wife, who is not a party to the action; it reached the insurance broker the next morning and a timely motion was made by attorneys challenging the service purportedly made by the process server.
The defendant’s original motion not only challenged jurisdiction but sought dismissal upon the ground that another action was pending between the same parties for the same cause. The plaintiff, by cross motion, sought an order compelling the defendant to file a notice of appearance upon the ground that the court did have jurisdiction over his person and also that no other action was then pending between the same parties for the same cause. In the order dated December 28, 1966, directing the Special Referee to hear and report on the jurisdictional issue, the court held its decision on the other issues in abeyance.
Upon all of the facts presented in the papers submitted on the original and present motions it cannot be said that at the time that the action in this court was commenced a Civil Court action between the same parties for the same relief was pending. Even if it were, it is clear that the action was abandoned. In any event, CPLR 3211 (subd. [a], par. 4) provides that “..the court need not dismiss upon this ground but may make such order as justice requires ”.
*862 Defendant’s motion to reject in part the report of the Referee is denied and plaintiff’s motion to confirm is granted. Defendant’s original motion to dismiss is denied. He may serve a notice of general appearance within 10 days of the service of a copy of the order to be entered hereon with notice of entry thereof. The plaintiff’s cross motion is denied.