SAL E. BERNHARDT, Plaintiff-Appellee, *v.* ALBERT B. FRITZSHALL *et al.*, Defendants-Appellants.

(No. 56224;

First District—January 30, 1973.

Albert B. Fritzshall, of Chicago, for appellants.

Feiwell, Galper & Gordon, of Chicago, (George S. Feiwell, James S. Gordon, and Thomas C. Baratta, Jr., of counsel,) for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

On September 5, 1968 plaintiff commenced an action at law, alleging that defendants had defaulted on the payment of a promissory note, and prayed for judgment on the note plus interest. The note was secured by a second mortgage on property which defendants purchased from plaintiff in 1961. The first mortgage on the property was held by Sterling Savings & Loan Association.

In considering the issues presented in this case, prior proceedings in chancery court concerning the property must be discussed. On April 18, 1967, Sterling Savings & Loan Association filed a suit in chancery for foreclosure of its first mortgage. (67 Ch 2024). Bernhardt, as holder of a second mortgage on the property, petitioned the court to enter as a defendant. On March 4, 1968 the petition was granted, and Bernhardt filed his answer in a foreclosure suit. The answer set up the amount owed Bernhardt by Fritzshalls on the note, but did not pray for affirmative relief against the Fritzshalls. Bernhardt's answer requested only that the foreclosure suit be dismissed.

The chancery court entered a decree of foreclosure on April 16, 1968, which stated that Sterling Savings & Loan Association had a prior lien on the property, and that all defendants' liens were subordinate. The decree also ordered the sale of the property to satisfy Sterling Savings & Loan's lien, and ordered that any surplus from the sale be brought before the court for further distribution. The decree did not determine the validity of, nor did it even mention, Bernhardt's claim against defendants.

On July 2, 1968 Bernhardt went before the same chancery court and filed a petition for judgment on the note as set out in his answer of March 4, 1968. Bernhardt stated that his answer was in the nature of a cross-bill and defendants had not answered; therefore, defendants were in default. On August 1, 1968 defendants filed a motion to strike the petition on the basis that the foreclosure decree was a final order which could only be attacked by petition within 30 days of entry or by a section 72 motion.

On November 15, 1968, after the case at bar was filed, Bernhardt filed a motion in chancery to withdraw his petition for judgment, and such motion was granted, with prejudice, on the grounds that the same cause was pending at law. The affidavit of the chancellor stated that he granted the withdrawal with prejudice to ensure that defendants would not be

burdened with litigation in different courts, and also to ensure that plaintiff did not return to chancery after his action at law.

Before the withdrawal petition in the chancery proceeding was granted, defendants filed a motion to dismiss the case at bar under section 48(1)(c) of the Civil Practice Act.* The motion alleged that a prior suit was pending in chancery. On December 26, 1968, after the withdrawal in chancery, the trial court dismissed defendants' section 48 motion. On April 18, 1969 plaintiff filed a motion for summary judgment on the note, and on February 18, 1971, the court granted the motion.

Defendants appeal and state the following grounds for reversal of the order of summary judgment:

1) The plaintiff's delay in calling for a hearing on his motion for summary judgment is grounds for denying the motion. Rules of the Circuit Court of Cook County, Part 2, pars. 2, 3 provide that when a party making a motion does not call for hearing on the motion within 90 days of filing, the court may deny the motion because of the delay;

2) The dismissal of defendants' section 48 motion was erroneous, because suits for the same cause were pending at law and in chancery;

3) The issue of defendants' liability to plaintiff was in issue in the foreclosure suit, and such decree was *res judicata* as to an action at law on the note;

4) The withdrawal of plaintiff's petition, with prejudice, in chancery was an adjudication on the merits and thus barred plaintiff's suit at law.

*OPINION*

■■ The defendants' first contention, that plaintiff's motion for summary judgment should have been denied because of his delay in calling for a hearing, is untenable. Rules of the Circuit Court of Cook County, Part 2, Pars. 2, 3 provide that the court *may* deny the motion because of delay. Such denial or dismissal is discretionary with the trial court, and we will not upset the trial court's ruling in the absence of facts constituting an abuse. Defendants have failed to provide any facts which would reasonably constitute such an abuse by the trial court. Under these circumstances, we will presume that the trial court acted within its discretion, and that it committed no error in denying defendants' motion to dismiss.

■■ Defendants' second contention is based on section 48(1)(c) of the Illinois Civil Practice Act, which provides:

---

* Ill. Rev. Stat. 1967, ch. 110, par. 48.

"Defendant may * * * file a motion for dismissal * * * upon any of the following grounds * * *:

                              *    *    *

(c) That there is another action pending between the same parties for the same clause."

Section 48 was intended to eliminate repetitious suits and to relieve courts and litigants of the burden of litigating the same issues in more than one action at the same time. (*Skolnick v. Martin*, 32 Ill.2d 55, 203 N.E.2d 428.) In the case at bar the monetary relief requested in chancery and at law may have made section 48 relief appropriate because the "same cause" was pending between the parties. (*Skolnick v. Martin*, *supra.*) However, the petition in chancery was withdrawn, and therefore, a prior proceeding was no longer pending. If a prior action for the same cause has been abandoned, dismissed or withdrawn, the second action cannot be dismissed under section 48(1)(c). (*Davis v. Robinson*, 374 Ill. 553, 556, 30 N.E.2d 52; See also *Pitagno v. Staiber*, 53 Misc.2d 858, 280 N.Y.S.2d 178.) Section 48(1)(c) was intended to avoid multiplicity of suits, not to prevent access to the courts. Thus the section 48 motion became a moot issue when the chancery petition was withdrawn, and the trial court correctly denied defendants' motion.

Defendants' next argument is that defendants' indebtedness to plaintiff on the note was put in issue in the foreclosure suit, and that the foreclosure decree was *res judicata* to an action at law on the note. Defendants argue that plaintiff's answer as co-defendant in the foreclosure suit set up a cause of action against defendants on the note, and that that cause of action was the same as plaintiff's action at law. Thus it is argued that even though the decree did not adjudicate plaintiff's claim, the *res judicata* doctrine is applicable.

The Supreme Court in *Godschalck v. Weber*, 247 Ill. 269, 274, 93 N.E. 241, stated:

" '[R]es judicata applies not only to the point upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising a reasonable diligence, might have brought forward in time.' The principle 'extends not only to questions of fact and law which were decided in the former suit, but also to the grounds of recovery or defense which might have been but were not presented.' [Cites omitted]

                              *    *    *."

Plaintiff maintains, however, that he may sue in assumpsit at law on the note, in equity for foreclosure and to recover possession by ejectment. All three remedies are concurrent, and plaintiff should not be barred from

his action at law. Defendants counter that plaintiff chose the equity forum and the decree in equity bars further litigation of the issue. The question for this court to decide, then, is whether the amount due on the note was adequately "in issue" in the chancery foreclosure suit.

■■ Whenever a second mortgagee joins in a foreclosure suit as a co-defendant, his answer is sufficient to allow adjudication of his claim. (*Romberg v. McCormick*, 194 Ill. 205, 62 N.E. 537; *Gouwens v. Gouwens*, 222 Ill. 223, 78 N.E. 597.) In addition, plaintiff stated in his petition in chancery that his answer was in the nature of a cross-bill. Thus, the amount due plaintiff could have been determined in the foreclosure suit.

However, plaintiff did not ask for judgment on his note in the fore-closure suit, the issue was not litigated and the decree did not adjudicate the liability of defendants to plaintiff. In *Gouwens v. Gouwens, supra*, at 230-31, the court said:

> "* * * The only parties concluded by a decree are adversary parties, and the matter determined must be in issue between them. Parties on the same side of a foreclosure suit are not concluded, as against each other, if no issue between them was presented and *adjudicated*. Where nothing has been *litigated* as between co-defendants in a chancery suit the decree is not evidence in favor of either party against the other. [Citation omitted.]" (Emphasis added.)

See also *Renfro v. Hanon*, 297 Ill. 353, 130 N.E. 740.

In *Schmisseur v. Rebhan*, 294 Ill.App. 172, 13 N.E.2d 627, a second mortgagee joined in a foreclosure suit as a co-defendant and filed an answer setting up a claim on a note and asking for proceeds from the sale. The decree did not determine the validity of the second mortgagee's claim, because his answer did not ask for affirmative relief and because there was an apparent agreement between the parties to litigate the valid-ity of the note in another suit. In a second suit the chancellor held that the rights of the parties were not determined by the first decree, and that therefore the first decree did not bar the second mortgagee from pursuing his claim. Although the agreement between the parties may have been the reason why the rights of the mortgagee were not deter-mined, the fact that there was no adjudication was the deciding factor in holding that the decree was not a bar to a further suit.

■■ Defendants cite two mechanic lien foreclosure cases in which the mortgagees first sued their debtors to foreclose, and upon losing in chan-cery, attempted to sue on their contracts at law. (*Howard T. Fisher & Assoc. v. Shinner Realty Co.*, 24 Ill.App.2d 216, 164 N.E.2d 266; *Douglas*

*v. Papierz*, 121 Ill.App.2d 242, 257 N.E.2d 570.) However, upon a reading of those cases, we find that the holdings of *res judicata* are inapplicable here. Neither case involved co-defendants whose rights were not determined in the foreclosure decree. Both cases can be distinguished on the basis that the amounts owed on the underlying obligations were put in issue and determined by the respective courts in reaching their decisions. In the case at bar nothing was litigated between plaintiff and defendants in the foreclosure suit, and the foreclosure decree did not determine plaintiff's rights against defendants. Thus, the decree was not a bar to the action at law by plaintiff.

Defendants' final contention is that plaintiff's withdrawal, with prejudice, of his petition in chancery was a final adjudication on the merits, and thus bars plaintiff's suit at law. Defendants' theory is that the words "with prejudice" have a definite meaning in the law and are as conclusive of the rights of the parties as if the suit had been finally adjudicated. Plaintiff argues, however, that defendants participated and acquiesced in the withdrawal, and that in fact, plaintiff withdrew his petition as an accommodation to defendants. No determination on the merits was ever made, and plaintiff introduced into the record the chancery judge's affidavit stating that he insisted on the withdrawal "with prejudice" only to insure that plaintiff would not return to chancery after his suit at law. Defendants counter that the order allowing the withdrawal speaks for itself and the court below cannot now explain what it intended.

■■■ Generally, the intention of the court is determined from the order entered. The action of the court can only be shown by its records and the language of an order. (*People ex rel. Waite v. Bristow*, 391 Ill. 101, 62 N.E.2d 545.) However, here the order is ambiguous, and the effect of the language is unclear. The order provides a withdrawal "with prejudice." A withdrawal means only that the petition is withdrawn from the court's consideration, and certainly connotes nothing more than a voluntary dismissal which is not a bar to further proceedings. A dismissal with prejudice denotes an adjudication on the merits and is *res judicata*. *In re Estate of Crane*, 343 Ill.App. 327, 99 N.E.2d 204.

■■ Therefore in view of this ambiguity, we will look to the record and proceedings before the trial judge to ascertain the effects of the order. (See *Cronk v. Gieseke*, 315 Ill. 417, 146 N.E. 478.) We are convinced that the plaintiff's petition was withdrawn from the consideration of the court by agreement of the parties and the chancery court, and was an accommodation to the defendants. The order did not act as an adjudication on the merits, and did not bar plaintiff's suit at law. (See *People v. Bristow, supra*, 110-111.) Defendants cannot now complain that the order

was entered without its acquiescence or that it constituted an adjudication barring further suit. Therefore, the trial court did not err in denying defendant's motion to dismiss and the judgment of the court is affirmed.

Affirmed.

LEIGHTON and HAYES, JJ., concur.